THE KANSAS CITY, CLINTON & SPRINGFIELD RAILWAY COMPANY, *Appellant,* v. CARLISLE *et al.*

1.  **Practice in Supreme Court**: MOTION FOR NEW TRIAL. When the attention of the trial court has not been called to alleged errors, occurring in the progress of a cause, by a timely motion for new trial, such errors will not be reviewed in the Supreme Court, but only such questions will be reviewed as arise on the record proper.

2.  **Practice**: RECORD PROPER: MOTION. A motion asking the court to award a jury to assess damages in a condemnation proceeding is not a part of the record proper.

3.  ——— : ——— : ———. The record proper is, by law, the petition, summons, and all subsequent pleadings, including the verdict and judgment. If any error is apparent on the face of the record proper the Supreme Court will reverse the judgment, whether exceptions were taken or not.

4.  ——— : ——— : EXCEPTION. Exception is a matter arising wholly from the action of the court in the progress of the trial, as the admission or rejection of evidence, sustaining or overruling motions, or the giving or refusing of instructions.

*Appeal from Henry Circuit Court.*—HON. J. B. GANTT, Judge.

AFFIRMED.

*Wallace Pratt* and *Fyke & Calvird* for appellant.

No motion for a new trial was necessary. The error complained of appears on the face of the record. *Bagby v. Emerson,* 79 Mo. 139; *Slagel v. Murdock,* 65 Mo. 522; *Parker v. Waugh,* 34 Mo. 340; *Bruce v. Vogel,* 38 Mo. 100. The object of a motion for new trial is to call the attention of the trial court to errors committed during the progress of the trial, in order that the court may have a chance to correct such errors. In this case

there was no trial; the court overruled appellant's motion demanding a jury, and proceeded to render judgment. The demand of appellant and the action of the court thereon are set out in full in the judgment entered by the court, and are part of the record proper. To the action of the court, appellant excepted at the time, as the bill of exceptions shows.

*James Parks & Son* and *Savage & Owen* for respondents.

The defendants ask an affirmance of this cause for the following reasons, to-wit: (1) Because the plaintiff had allowed and filed his bill of exceptions, but filed no motion for a new trial; and the question submitted is whether the exceptions, taken during the proceedings and trial, can be considered by this court. We answer, no. The law has been long and well settled in this state that, unless there is a motion for a new trial filed and the motion preserved in the record by bill of exceptions, with exceptions to the ruling and action of the court in overruling the motion for a new trial, this court is limited, in its investigations, to such questions as appear upon the face of the record proper. It will not consider questions which are only preserved in the bill of exceptions where there is no motion for a new trial. *State ex rel. v. Hurlstone,* 92 Mo. 327; *Long v. Towle,* 41 Mo. 398; *Collins v. Sanders,* 46 Mo. 389; *Hoppie v. Stone,* 39 Mo. 378; *State v. Polk,* 4 Mo. 544; *Rochford v. Creamer,* 65 Mo. 48; *Stevenson v. Saline County,* 65 Mo. 425; *Collins v. Barding,* 65 Mo. 496; *Bank v. Allen,* 68 Mo. 474; *Bollinger v. Carrier,* 79 Mo. 318. (2) Because there is no error apparent upon the face of the record proper, and if there is it was made by the petitioner and appellant, and it cannot take advantage of its own errors, where the court has jurisdiction of the parties and the subject-matter in action, in order to work a reversal in

this case. The exceptions taken and filed to the report of the commissioners appointed to assess the damages do not take the place of a motion for new trial. *State ex rel. v. Hurlstone, supra; State v. Burckhartt*, 83 Mo. 430.

NORTON, C. J.—The plaintiff, being a railroad corporation, instituted proceedings in vacation before the judge of the circuit court within and for Henry county to condemn certain lands owned by defendants for right of way for its road. Commissioners were appointed, and in the vacation of the court, on the twenty-eighth of January, 1885, filed their report. On the fourth of February, 1885, plaintiff filed exceptions to the report, on the alleged ground that the damages awarded and allowed by said commissioners were unjust, exorbitant, and excessive. On the second of May, 1885, the cause having been set down for hearing at that time, on the said exceptions filed to the report of the commissioners, the plaintiff declined to offer any evidence to the court to sustain the exception, and filed a motion asking the court to award plaintiff a jury to pass upon and determine the amount of damages, to which defendants are entitled for taking the land for right of way, as provided by article 12, section 4, of the constitution. The plaintiff still declining to offer any evidence, the said motion for a jury was overruled by the court and judgment rendered confirming the report of the commissioners, and to this action plaintiff excepted and appealed to this court.

It is conceded that no motion for new trial was filed, and in such cases it has been settled by repeated rulings, that when the attention of the trial court has not been called to alleged errors occurring in the progress of a cause by a timely motion for new trial, that such errors will not be reviewed here, but that our investigation will be limited to such questions as are presented and

arise on the record proper. *Collins v. Saunders*, 46 Mo. 389 ; *Bollinger v. Carrier*, 79 Mo. 318, and cas. cit. ; *State ex rel. v. Burckhartt*, 83 Mo. 431.

The motion filed asking the court to award a jury to assess damages is not a part of the record proper according to the ruling made in the case of *Bateson v. Clark*, 37 Mo. 31, where it is said : " The record proper by law, is the petition, summons, and all subsequent pleadings, including the verdict and judgment ; * * * if any error is apparent on the face of these pleadings which constitute the record, we will reverse the cause whether exceptions were taken or not. Exception is matter which arises wholly from the action of the court in the progress of the trial, as the admission or rejection of evidence, the sustaining or overruling some motion, the giving or refusing of instructions," etc.

This view of the case necessarily leads to an affirmance of the judgment. All concur, except Ray, J., absent.