HENRY J. FITZGERALD, Appellant, v. A. R. MEYER, Respondent.

### Kansas City Court of Appeals, March 23, 1896.

Laborer's Lien : MORTGAGE: STATUTE: CONSTRUCTION. Section 4911, Revised Statutes, 1889, securing to the laborer the right to be preferred was not intended to impair the vested lien of a prior mortgage, since no such intention is manifested by the language of the statute.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

AFFIRMED.

*Buckner, Bird & Lake* for appellant.

(1)   The only question in this case is this:   Can a laborer or servant recover wages under section 4911, Revised Statutes of Missouri, 1889, in a case where a corporation suspends business by reason of its property having been taken possession of and sold by the holder of a chattel mortgage?   The principal cases that appellant relies on are:   *Flanders v. Murphy*, 25 Pac. Rep. (Mont.) 1052; 10 Mont. 398; *Marshall v. Bank*, 28 Pac. Rep. (Mont.) 312; 11 Mont. 351.   (2)   The main object in view in construing any statute is to determine what the object of the legislature was in enacting the statute.   In fact, Lord Chief Justice Tindal held that the only rule for the construction of statutes, was to construe them in accordance with the legislative intent.   Sedgwick Stat. Const. [1 Ed.], pp. 194, 196, 197; p. 309, *et seq.*; pp. 310, 314; Endlich Int. Stats., secs. 395, 319, p. 437; *Bell v. The Mayor, etc.*, 105 N. Y. 139, 141; *Harrison v. Railroad*, 2 B. & S. 122; 29 L. J. 209; *Donahue v. Ladd*, 31 Minn. 244; *Improvement Co. v. Com.*, 94 Pa. St. 450–455; *Davison v. McCandlish*, 69 Pa. St. 169–172; *Loos v. Ins. Co.*, 41 Mo. 538; *State ex rel. v. Emerson*, 39 Mo. 89; *Schultz v. Railroad*, 36 Mo. 26, 28; *State ex rel. v. King*, 44 Mo. 283; *State ex rel. v. Diviling*, 66 Mo. 375; *Connor v. Railroad*, 59 Mo. 285, 293; *State ex rel. v. Heman*, 70 Mo. 441, 451; *City of St. Joseph v. Landis*, 54 Mo. App. 315; *Riddick v. Walsh*, 15 Mo. 419; *U. S. v. Freeman*, 3 How. (U. S.) 556, 565.

*Ashley & Gilbert* for respondent.

We think the section, as we have heretofore said, only contemplated the distribution by a court of equity of a fund in the hands of some officer or person under

control of the court, and that even in such distribution vested liens would, of course, be respected, for the simple reason that whether the officer be a receiver or assignee under a general assignment, he only takes possession of the property subject to existing liens, and that in fact the only property that a corporation in failing circumstances has is its equity above debts secured by recorded incumbrances. 2 Cook on Stock and Stockholders [Ed. of 1894], sec. 859; *Hinkle v. Camden*, 47 N. J. Equity Reports, 333.

GILL, J.—On July 14, 1893, the Casey-Grimshaw Marble Company executed a chattel mortgage, covering most of its personal property, to defendant Meyer, to secure the sum of $5,000 it was owing Meyer. On July 25, 1893, the mortgage was recorded and Meyer, the mortgagee, took possession of the property covered by the mortgage and on August 5, 1893, sold the same to a third party for $1,400. On July 31, 1893, plaintiff Fitzgerald obtained a judgment against the Casey-Grimshaw Marble Company for $299.60 on account of labor performed by him for said company during the six months next preceding said July 25, 1893. On August 23, 1893, Fitzgerald served on Meyer a written notice that by virtue of section 4911, Revised Statutes, 1889, he claimed the right to be paid $100 out of the proceeds of the sale of the mortgaged property. Meyer refused to pay Fitzgerald's demand and claimed the right to apply the whole $1,400 toward the satisfaction of the mortgage debt he held against the Casey-Grimshaw company. Thereupon Fitzgerald brought this action against Meyer asking a general judgment for the $100.

The cause was tried by the court below, without the aid of a jury, resulting in a judgment for defendant, and plaintiff appealed.

Plaintiff's alleged cause of action is based on the provisions of a late statute of this state, securing to the employee or laborer the right to be preferred to the extent of $100, for work done within the six months next preceding the failure of his employer. Session Acts, 1889, p. 137; Revised Statutes, 1889, section 4911. The point here is whether this preference shall go so far as to divest, partially or wholly, the lien of a prior valid mortgage.

Owing to the very inartistic manner in which the statute was drawn, the meaning thereof is not as clear as it should be. When, however, the entire section is carefully considered, we conclude that the legislature did not by this act intend to impair the vested lien of the mortgage. "Liens created by statute are subject to prior mortgages on the property, unless the statute provides otherwise." 2 Cook on Stock and Stockholders, sec. 859. This statute does not so provide. It provides that "hereafter when the property of any company, corporation, firm, or persons, shall be seized upon by any process of any court of this state, or when their business shall be suspended by the action of creditors, or be put into the hands of a receiver or trustee, then in all such cases the debts owing to laborers and servants, which have accrued by reason of their labor or employment to an amount not exceeding $100, to each employee," for work done within the preceding six months, shall be preferred creditors, etc. In the same section it is then further provided that the party desiring to enforce such preferred claim shall present a sworn statement thereof "to the officer, person, or court charged with such property, within ten days after the *seizure thereof on any execution or writ of attachment;* or within thirty days after the same may be placed in the hands of any *receiver or trustee.*"

It will be seen that the statute never once mentions

a mortgage, or the taking possession by the mortgagee; but seems to point alone to the cases where the property is seized under process of court such as in attachment, execution, or the appointment of a receiver; or to cases where the property is transferred to a trustee. There is nothing there to show that the lawmakers meant to disturb the prior vested rights of those holding mortgage securities. If it was so intended, the statute would have so declared; and in the absence of such declaration it must be assumed that the purpose was to let such rights remain as they existed before the passage of the act. While it is true that courts should indulge a fair and liberal construction toward statutes such as this, the rule yet remains that the construction should conform to the intention of the legislature as manifested by the language of the statute.

The cases from Montana, and which plaintiffs have cited, lend no aid to the construction of the Missouri statute. The Montana law provides for such preferences "in all assignments of property to trustees or assignees on account of inability of assignor at the time of the assignment to pay his debts," etc. The· The point decided in the two cases cited was, that the bill of sale in the one instance and the so-called chattel mortgage in the other, were, in fact, *assignments* for benefit of creditors and came within the purview of the act. The two statutes (of Missouri and Montana) are quite different. Our statute says nothing of an assignment for benefit of creditors, nor is there any pretense that defendant Meyer occupied the relation of an assignee. The case in hand is more analogous to *Hinkle v. Camden Safe Deposit and Trust Co.*, 47 N. J. Eq. 333, and *Wilkinson v. Patton*, 29 Atl. Rep. 293.

We discover no reason for disturbing the judgment of the circuit court and it will therefore be affirmed. All concur.