STATE *ex rel.* C. N. WILSON, Appellant, v. JOHN P. O'NEIL, Respondent.

**Kansas City Court of Appeals, February 1, 1897.**

Corporations: EMPLOYEES: WAGES: SHERIFF: ATTACHMENT. An employee of a corporation can not recover, of a sheriff holding the corporate assets by attachment, his wages, under section 2538, Revised Statutes, 1889; and the plaintiff in this case can not recover under section 4911, since his petition is not framed thereunder.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*W. N. Pickard* for appellant.

" It is true that a thing which is within the mind and intention of the framers of the law is as much within the statute as if it were within its letter; and a thing which is within the letter of the statute is not within the statute unless it be within the intention of the makers." *Humes v. R. R.*, 82 Mo. 227; *State v. King*, 44 Mo. 283; *In re Estate*, 83 Mo. 441; *Ex parte Marmaduke*, 91 Mo. 254; Endlich on the Interpretation of Stats. [Ed. 1888], sec. 295. After reading section 2538, Revised Statutes, Missouri, 1889, the conclusion is almost irresistible that the intention of the law makers in framing that section, was to include all employees of corporations and every conceivable condition in which the assets of a corporation might be placed or held. Sections of the statutes in *pari materia* should be construed together. *St. Louis v. Howard*, 119 Mo. 45. Sections 2538 and 4911, Revised Statutes, Missouri, 1889, so construed, evi-

dence beyond a doubt, that the intention of the lawmakers was not only to include all employees of corporations, but to make the assets of any insolvent corporation, in whatever position placed, liable for debts due employees, in preference to all other debts or demands whatsoever. The plaintiff in this action could not maintain his claim under section 4911 alone, for the reason that he would not be included within the terms of "laborers and servants." *Signor v. Webb*, 44 Ill. App. 338; *Eppstein v. Webb*, 44 Ill. 341; *In re Clark*, 100 Mich. 448. Is section 4911 constitutional? *Holland v. Depriest*, 56 Mo. App. 513.

*Lathrop, Morrow, Fox & Moore* for respondent.

The plaintiff's petition shows that the assets sought to be charged with his debt are held in the hands of the sheriff of Jackson county as such sheriff; the sheriff is not one who is made liable by any rule of law or by the terms of the statute cited by appellant in his brief. The section upon which appellant relies, 2538, Revised Statutes, 1889, has never, so far as we are aware, been construed to mean that a sheriff or constable in possession of property under writs of execution or attachment, directed against corporations, is included within the terms "officers, agents, assignee, receiver, or person," as used in the statute. In the absence of any authoritative interpretation to the contrary, it would seem clear that neither the sheriff nor constable is included, or is intended to be included, in these terms. Suth. on Stat. Const., sec. 268; *State v. Bryant*, 90 Mo. 534; *City v. Vindquest*, 36 Mo. App. 584; *Spurgeon v. Hennessey*, 32 Mo. App. 83.

ELLISON, J.—This plaintiff instituted this action under section 2538, Revised Statutes, 1889, to recover

$60 due him from his corporation employer. The defendant sheriff filed a demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The trial court sustained the demurrer and plaintiff electing to stand on the petition, final judgment was rendered for defendant and plaintiff appealed. The petition states plaintiff's case in the following language:

"For cause of action plaintiff and relator alleges:

"1. That the defendant O'Neil is now and was at all times hereinafter alleged and referred to, sheriff of Jackson county, Missouri, duly qualified and acting as such, and that the other defendants herein are sureties on his official bond, duly executed and filed by him as such officer, and that this action is brought in the name of the state, at the relation and to the use of C. N. Wilson, on said bond for a failure in the performance of his duties as such sheriff as hereinafter set forth.

PETITION.

"2. That previous to May 8, 1895, the relator herein was employed by the T. O. Robertson Crystal Spa Pharmacy Company, a corporation duly organized and existing under the laws of the state of Missouri, as pharmacist or clerk, and that on said date the said corporation was indebted to this plaintiff for services rendered in the sum of $66.75 (balance) the said sum having accrued within three months next preceding said May 8, 1895, when demand was made therefor, and that said sum of $66.75 was then, and is now, due and wholly unpaid—an itemized statement of said service rendered and credits thereon is hereto attached, marked exhibit 'A' and made a part hereof.

"3. That on May 8, 1895, the defendant, John P. O'Neil, sheriff, by virtue of a writ or writs of attachment placed in his hands for service, and issued by the clerk of the circuit court of Jackson county, Missouri,

levied on the stock, fixtures, and all the assets of the said T. O. Robertson Crystal Spa Pharmacy Company (corporation) and afterward sold the same at public auction for cash, which he now has in his possession. That after said levy and sale, this plaintiff filed with said John P. O'Neil, sheriff aforesaid, his claim for services rendered by him to said corporation and made demand then and at several different times since for the amount due him or allowed by law, but that the said sheriff wrongfully refused and has since refused to pay him any sum whatever.

"4. Relator charges the said John P. O'Neil, sheriff, with a breach of his official bond and duties in this, that he did not pay to relator the sum of $60 on his claim filed with him or demanded of him or on the sum due him for services rendered the said T. O. Robertson Crystal Spa Pharmacy Company (corporation) as provided by law, and in thus refusing to pay, he failed to discharge his duty, contrary to the covenants of his said bond.

"5. By reason of the refusal of the said sheriff to pay him as provided by law, this plaintiff is damaged in the sum of $30; whereupon plaintiff prays judgment for $60, the amount allowed him by law, and for interest thereon and for $30 damages and for costs, or that judgment be rendered for $50,000, the amount of the bond, and that execution issue as provided by law, and for such other relief as may to the court seem proper."

The following is the section of the statute aforesaid upon which the petition is based: "All corporations shall make payment to their employees and other operatives, of wages due for all labor and services performed by them, within three months next preceding a demand made therefor, not exceeding sixty dollars, in preference to any other claim, debts or demands whatsoever not secured by specific liens on

STATUTES.

property; and such priority of payment may be enforced by civil action; payment of wages shall be made on or before the fifteenth day of each month for the full amount of all wages earned previous to the first day of that month, with interest at six per centum; if not paid, to be added to the amount of said wages when paid or recovered by suit. All debts due employees or operatives for wages of their labor shall have priority of payment from the money and assets of the corporations in the hands of officers or agents, or any receiver or assignee, over every other claim not specifically secured. Every corporation, officer, agent, receiver, assignee, or person holding money or assets, refusing to recognize the priority of employees' claims, shall be liable to such employees for the amount of all loss and damages occasioned by his unlawfully withholding the money.''

In our opinion the statute has no reference to a sheriff holding the corporation money or property under a writ of attachment. The statute relates CORPORATIONS: to private corporations, and the title to employees: wages: attachment. the chapter under which the foregoing section is found is: "Organization, general powers, duties, and liabilities, with incidental matters of practice,'' of such corporations. The language, "officer, agent, receiver, assignee, or person holding money or assets,'' of the corporation refers to representative of the corporation and not to a court officer executing a writ for the seizure of the corporate property. Manifestly the words, "receiver'' and "assignee,'' refer to a receiver or an assignee of the corporation; and so the words "officer,'' "agent,'' or "person,'' in the same connection, refer to some officer, agent, or representative of the corporation.

Under the title of executions, there is another statute (section 4911), which relates to the preference of

certain employee creditors, wherein it is specially provided that the preference may be had at the hands of a sheriff or other officer who has seized the property of the debtor, under a writ of execution or attachment. *Fitzgerald v. Meyer*, 65 Mo. App. 665. But we are relieved of the necessity of construing that section, since plaintiff's petition is evidently not framed thereunder.

The demurrer was properly sustained and the judgment will, therefore, be affirmed. All concur.