ORCHARD, etc., Defendant in Error, v. NATIONAL EXCHANGE BANK, Plaintiff in Error.

St. Louis Court of Appeals, December 22, 1906.

1. **APPELLATE PRACTICE: Exceptions: Record Proper.** Where there is no bill of exceptions, no motion for new trial or in arrest of judgment appearing in the record, the appellate court nevertheless, on a writ of error, can examine the record proper and reverse the judgment for error appearing on the face of such record.

2. **JURISDICTION: Receivership: Voluntary Appearance.** In an action by the State at the relation of the Attorney-General against a bank, wherein a receiver was appointed to take charge of the assets, a party interested in the matter appeared and excepted to the settlement of the receiver; jurisdiction was thereby conferred upon the court to enter an order, ordering such party to return to the receiver a sum of money received in excess of the amount to which such party was entitled.

Orchard v. Nat. Exchange Bank.

3. ———: ———: ———: **Remedy.** The order thus made could be enforced by attachment for. contempt, by sequestration of assets or by appropriate equitable remedy, or it could be treated as a liquidated indebtedness and suit maintained by the receiver against the party ordered to pay, for the amount, but judgment could not be entered as in an action at law in favor of the receiver or his assignee without pleading or other process,˙ by merely engrafting the proceeding upon the original case. ·

4. ———: **Process: Judgment.** In determining whether a party has been duly served with process, the court is not bound by the recital in the judgment, but must inspect the whole record and if on such inspection it appears that the court had no jurisdiction over the person or the subject-matter of the action, the judgment will be declared void.

5. ———: ———: ———: Where, in a case of receivership, a party voluntarily appeared to question the settlement of the receiver and he was ordered by the court to pay back to the receiver a certain sum of money improperly paid him, the service of a copy of such order upon the party did not amount to a service of process and his voluntary appearance for the purpose of questioning the jurisdiction of the court was not an appearance so as to give the court jurisdiction to render judgment against him in favor of the receiver.

6. ———: ———: ———: **Pleading.** Where there are no pleadings in a case, there is nothing upon which to predicate a judgment.

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED.

*Sebree & Farrington* and *George Pepperdine* for plaintiff in error.

A judgment rendered outside of the pleadings in a case, and outside of the issues framed, and unsupported by the evidence, is improper and will be reversed.   In such case the matter of the judgment is not litigated, and the judgment could only be rendered by consent.   It is no answer to say in·such case that the party is not prejudiced.   He has a right to complain if the judgment

is not within the pleadings. Smith v. Railroad, 92 Mo. App. 41. The court can give judgment for things not asked for in the prayer but included in the averments, but it cannot in rendering judgment go outside of the facts pleaded. White v. Rush, 58 Mo. 105; Paddock v. Lance, 94 Mo. 283. A court cannot render a judgment when there are no pleadings in a case. 1 Black on Judgments, sec. 183. The judgment must be sustained by the pleadings, and when they are lost no judgment can be rendered until they are restored. 12 Am. and Eng. Ency. of Law (1 Ed.), page 71, and cases cited. Unless there are facts stated upon which the relief can be based, and from which when proved the relief follows as a legal consequence, none should be granted. Menks v. Bunch, 90 Mo. 500; Newham v. Kenton, 79 Mo. 382; Rumsey v. Railroad, 144 Mo. 175. Where the whole record in a case shows that the court did not have jurisdiction over the defendant, the judgment is a nullity. Howard v. Thornton, 50 Mo. 291; Hope v. Blair, 105 Mo. 85; Brown v. Woody, 64 Mo. 547. On writ of error the court will examine the record proper, though no exceptions are taken and no motion for a new trial filed. Bank v. McMullen, 89 Mo. App. 142; McIntire v. McIntire, 80 Mo. 470; Railroad v. Carlisle, 94 Mo. 166.

NORTONI, J.—The record before us shows the following regular and irregular proceedings to have been had in the circuit court of Oregon county. First, we find a judgment in regular form for the recovery of money entered by said court at its February term, 1905, in favor of James Orchard, defendant in error, as plaintiff there and against the National Exchange Bank, plaintiff in error here, as defendant there, for $364, together with interest and for costs, "and that the plaintiff have execution for said judgment and costs." It is from this judgment that the bank has sued out and now prosecutes this writ of error.

As we further examine into the record, we ascertain that there was no such case in the court. There was no pleadings filed by the plaintiff; there was no service of process had upon the defendant bank; there was no voluntary appearance there of such bank by filing an answer or otherwise; nor had the parties appeared by agreement; nor was there a motion for new trial or in arrest filed by the bank, seeking a review of such judgment, for the very good reason, it is said in the briefs, that the bank had no knowledge that such proceeding was pending, etc. From these facts, the case appears novel indeed. Without some further explanation, it would appear almost, if not quite, startling to the profession to know that a court should proceed to enter up judgment against a party in a case stated, when in fact the entire record disclosed that there was no such case in the court. It is manifest that this state of the record results from error and the following history of the final proceedings which resulted in the judgment mentioned, and antecedent proceedings in another and distinct case, will be recited in order that an accurate understanding may be had with respect to the whole matter.

It appears that there was pending in the circuit court of Oregon county, the case of State ex rel. E. C. Crow, Attorney-General, Relator, v. Oregon County Bank, in which case one J. Posey Woodside had, at a prior term of court, been appointed receiver of the said Oregon County Bank; when and for what reason the receiver was appointed in the first instance does not appear, nor is any of the record of that case before us prior to what is termed the "surrendering settlement" of the receiver. The record does disclose, however, that there was pending in the court the case as stated, of the Attorney-General v. Oregon County Bank and that J. Posey Woodside was acting receiver therein; that at the August term, 1902, of said court, the receiver filed

what is termed a "surrendering settlement" of such receivership. Among other things, this report shows that the present plaintiff in error, the National Exchange Bank of Springfield, Missouri, had under some sort of an order of the court or judge at chambers on a previous date, become interested in the defunct bank and the receivership resulting therefrom, and had in some manner, legitimate of course, probably under an order of the court, received from the receiver several thousand dollars of the assets of the defunct Oregon County Bank. Appended to this "surrendering report" of the receiver. is a statement of the expenses of the receivership, such as amounts expended for attorney's fees, court costs, clerical work, etc., and also an item for compensation for the receiver by way of commissions for his services. To this report and statement of expenses, the plaintiff in error here, National Exchange Bank, voluntarily appeared and filed its objections and exceptions, challenging several matters therein, which, aside from the fact of the voluntary appearance of the bank, is immaterial on this record. It then appears that later, during the same term of court in the same case of the Attorney-General versus the bank, the receiver's report was taken up and considered by the court, by the court approved, and the expense account to which the National Exchange Bank had objected was allowed to the receiver in full, as prayed by him. No order appears overruling the objections filed by the National Exchange Bank, the only order being that of the court approving the receiver's report allowing him the expenses of administration as set forth in his account and commissions prayed for by him. In the same order, the court finds that there is insufficient moneys in the hands of the receiver to compensate him for the expenses of administration and his commissions allowed, and in substance, that the estate is indebted to him therefor in the balance of $364, and it therefore ordered

that the present plaintiff in error, "National Exchange Bank return to the receiver available assets delivered to them by the receiver in the sum of $364 to cover the balance due him and that thereupon the receiver be discharged." All of this occurred at the August term, 1902, in the case of the Attorney-General v. the bank. Nothing further appears on the record until the February term, 1904, and in fact, the case of the Attorney-General v. the bank seems to have entirely disappeared at this juncture, for it no longer appears on the record and such proceedings as follow on the same subject, i. e., the allowance of the $364 to the receiver, appear, first, under the title of J. Posey Woodside, Receiver, v. the National Exchange Bank; and second, under the title of James Orchard v. the National Exchange Bank, and it is upon this record that the judgment was entered, a review of which is sought by this writ of error.

As stated, nothing seems to have transpired in the matter from the August term, 1902, to the February term, 1904, when, phoenix-like, a new case arose, from whence none can tell, for there is neither pleading by plaintiff or defendant, process, nor service of process on, nor was there appearance by the National Exchange Bank. That which appears to be a new case on the record, at the February term, 1904, is entitled J. Posey Woodside, Receiver, v. the National Exchange Bank, and the order of the court under this title made at that term recites in substance that at the August term of the court mentioned, an order was made by the court upon the National Exchange Bank, ordering it to turn over to J. Posey Woodside, receiver, etc., assets of the Oregon County Bank amounting to $364 as expenses, attorney's fees, commissions for his services, etc., as receiver of the Oregon County Bank, and it having been made to appear to the court that such $364, nor any part thereof has ever been paid, it was therefore ordered that the National Exchange Bank be and appear at the

next regular term of such court in July following and show cause, etc., why it had not complied with such order. A copy of this order was served upon the bank by the sheriff in due time and at the July term, the National Exchange Bank appeared and filed a return to the order, denying that there was any such case as J. Posey Woodside v. National Exchange Bank in the court, and denying the jurisdiction of the court, etc. There was nothing contained in such return pertaining to the merits of the controversy, if it had any merits.

The next record entry appearing is of the February term, 1905, and of date March 1st, to the effect that James Orchard then made it appear to the satisfaction of the court that he had succeeded to the rights of J. Posey Woodside in the claim for $364 by assignment from Woodside of the claim for $364 and that on his motion, said James Orchard was substituted for J. Posey Woodside, "and that he be permitted to prosecute said cause in his own name and stead, the same as the said J. Posey Woodside could do." And on the same day, at the same term, the National Exchange Bank not appearing in any manner, the court entered the following judgment:

"James Orchard v. National Exchange Bank.

"Now at this day, the above cause coming on to be heard, and plaintiff announces ready for trial and it appearing that the defendant, the National Exchange Bank, has been duly served with process, notifying it of the pendency of this suit, and the nature thereof, more than thirty days before the first day of the July term, 1904, of this court, and it further appearing to the court from the files herein that the National Exchange Bank at the July term, 1904, of this court personally appeared and filed its answer in this cause, and the plaintiff herein demands trial and the defendant failing to appear further and the jury being waived, all and singular the matters and things being submitted

to the court, sitting as a jury, and it appearing to the court that this is an action against the defendant to recover an allowance made to J. Posey Woodside, as receiver of the Oregon County Bank for the sum of $364, the court, after hearing all the evidence, finds that J. Posey Woodside has assigned all of his right, title and interest in the above cause of action to James Orchard, and the right to proceed with this cause, and the court further finds from the evidence that the National Exchange Bank owed and stood indebted to. J. Posey Woodside in the sum of three hundred and sixty-four dollars, now past due, that the same has not been paid, and still remains due.

"It is therefore considered and adjudged by the court that the plaintiff, James Orchard, assignee of J. Posey Woodside, recover of and from the defendant, the National Exchange Bank, the sum of three hundred and sixty-four dollars, that the same bear interest at six per cent. per annum and that plaintiff recover the costs herein laid out and expended, and that plaintiff have execution for said judgment and costs."

The National Exchange Bank sued out this writ of error, on the ground that it has never had its day in court.

1. There are no exceptions before us. The record proper only is here. No motions for new trial or in arrest of judgment were filed. It is settled beyond controversy, however, that even in that state of the record, an appellate court will, on writ of error, examine the record proper and reverse the judgment for error appearing on the face thereof, when it appears that the court had no jurisdiction: first, of the parties; or, second, of the subject matter; or, third, when the petition fails to state a cause of action. [McIntire v. McIntire, 80 Mo. 470; K. C., etc., Ry. Co. v. Carlisle, 94 Mo. 166, 7 S. W. 102.]

2. It appears that in the case of Attorney-General v.

Oregon County Bank, the National Exchange Bank had received certain of the assets from the receiver and that when the final or surrendering settlement of the receiver was made, there were insufficient assets in his hands to cover all of the expenses of the receivership; that the National Exchange Bank was interested in the matter in some manner which prompted it to come voluntarily into court and file objections to the expense account exhibited by the receiver.   The National Exchange Bank having theretofore received a portion of the assets from the receiver and voluntarily entered its appearance to contest such final settlement, thereby conferred jurisdiction of its person upon the court so that its order on the National Exchange Bank to return to the receiver $364 of the available assets of the Oregon County Bank was a valid order in a case in which the court had obtained jurisdiction of both the person of the defendant and the subject-matter of the action.   The $364 ordered returned to the receiver was to cover a balance due him on expenses of the receivership.   Expenses of this nature always have priority of other claims and should be first paid, and when property is turned over by the receiver to third parties as owners thereof, the court may order it back to pay such expenses of administering the trust.   [Smith on Receivers, sec. 350.]   The order mentioned could have been enforced by the court, by attachment for contempt, sequestration of assets or appropriate equitable remedy, and while the receiver possibly could have treated the order of the court as a liquidated indebtedness from the National Exchange Bank to him, and upon proper pleading and process, maintained suit at law thereon against the bank during the pendency of such suit, assigned his claim to Mr. Orchard or to any other person, so that he might be substituted as party plaintiff therein, we know of no principle by which such a suit at law, without pleading or process, could be engrafted upon the case of the Attorney-General against the Oregon

County Bank and proceed to final judgment against the National Exchange Bank in the absence of either an agreement or voluntary appearance by such bank thereto.

3. The judgment recites: "The National Exchange Bank has been duly served with process, notifying it of the pendency of this suit and the nature thereof more than thirty days before the first day of the July term, 1904, of this court. And it further appears to the court from the files herein that the National Exchange Bank, at the July term, 1904, of this court, personally appeared and filed its answer in this case and the plaintiff having demanded trial and the defendant failing to appear further, a jury being waived," etc. Now, if these recitals were true, there would be no doubt of the jurisdiction of the court over the person of the defendant, National Exchange Bank, for where service has been had according to law and the party appears and answers in response to such service, the court is certainly possessed of jurisdiction over the person of such defendant and the cause of action being of a class, as it is, over which the circuit court has general jurisdiction, the judgment entered would be valid, etc. The recitals of the judgment in that respect are untrue, however, and the law is well settled that the recitals of the judgment alone are not conclusive on this question. Indeed, the appellate court cannot determine from the mere recital of the judgment alone that the party has been duly served with process or that he has appeared and answered. Matters of this nature can appear only from an inspection of the entire record, and in determining this matter, it is the duty of the court to inspect the whole record and if, upon such inspection, it appears that the court had no jurisdiction over the person or the subject-matter of the action, the judgment will be declared to be void and for naught held. [Howard v. Thornton, 50 Mo. 291; Hope v. Blair, 105 Mo. 85, 16 S.

W. 595; Brown v. Woody, 64 Mo. 547; 17 Amer. & Eng. Ency. Law (2 Ed.), 825-842.] From an inspection of the record, it appears that there was no service of summons had upon the defendant in the court below. It is true there was served upon the defendant a copy of the order of the court made at its August term, 1902, in the case of Attorney-General v. Oregon County Bank, requiring the defendant to appear and show cause at the July term, 1904, in what purported to be a case entitled J. Posey Woodside, Receiver, v. National Exchange Bank, and the defendant bank filed a return to this order asserting that there was no such case pending, and denied the jurisdiction of the court therein. This was neither service of process, as is necessary to institute a suit (sec. 569-570, R. S. 1899) nor did it, under the circumstances, amount to a voluntary appearance by the defendant thereto, for instead of appearing to the merits it went only to the jurisdiction of the court which it denied. Aside from this, there is a further valid reason why this judgment cannot be sustained. It is fundamental that the judgment in any case must be supported by the pleadings. It is well said: "A court cannot properly put upon its record a judgment which is not a proper sequence to the pleadings. It is a general rule that the judgment must conform to and be supported by the pleadings in the case. A recovery must be had, if at all, upon the facts alleged." [11 Ency. Pl. and Pr., 868.] It follows, of course, that when there are no pleadings in the case, there is naught upon which to predicate a judgment. [See, also, 1 Black on Judgments (2 Ed.), sec. 183; White v. Rush, 58 Mo. 105; Paddock v. Lance, 94 Mo. 283, 6 S. W. 241; Ramsey v. Ry. Co., 144 Mo. 175, 46 S. W. 144; Muenks v. Bunch, 90 Mo. 500, 3 S. W. 63; Neeham v. Kenton, 79 Mo. 382; Smith v. Transfer Co., 92 Mo. App. 41.]

For the reasons stated, there was no case in court between the parties to this record and the judgment

entered by the court upon the hypothesis that there was such a case is void, and will be reversed. It is so ordered. *Bland, P. J.,* concurs; *Goode, J.,* not sitting.