MAGINN, Respondent, v. SCHMICK et al., Defendants; AUSTIN, Appellant.

St. Louis Court of Appeals, November 18, 1907.

1. **APPELLATE PRACTICE: Pleading: Failure to State Cause of Action.** Where a petition or counterclaim fails to state facts sufficient to constitute a cause of action, the question may be raised for the first time in the appellate court, as error apparent on the face of the record.

2. **DEFAMATION: Libel of Title: Privileged Statement: Court Proceedings.** *Pertinent* and *relevant* allegations in an action to quiet title are privileged, and can not be actionable libel of defendant's title; the same is true of a publication of notice to non residents of the pendency and general nature of the action; the privilege extends to all pertinent statements in court proceedings authorized by law.

Appeal from Ripley Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED.

*Charles D. Yancey* for appellant.

(1) In the case at bar the plaintiff's cause of action stated in his petition was "connected with the subject" of the original suit to quiet title, commenced by E. J. Maginn. This was a transaction and the subject-matter of the suit was the title to the land described in the petition. If, in this petition the said Maginn falsely, wilfully, wrongfully and maliciously claimed title in himself to plaintiff's land, and falsely, wilfully and maliciously published such claim to the world through the medium of a newspaper, then he was guilty of libel. It was the same "transaction." Odgers on Libel and Slander, p. 124; Townsend on Libel and Slander (4 Ed.), sec. 204; Linville v. Rhoads, 73 Mo. App. 222; Mayrose v. Adams, 12 Mo. App. 333; Hutchinson v. Flint, 110 Mo. 496. (2) The ruling and decision of the court was not only repugnant to the plain provisions of the sections 605 and 4499, before cited, but in direct and irreconcilable conflict with controlling decisions, directly in point, by the Supreme Court of this State, and by the St. Louis and Kansas City Court of Appeals: Hayward v. Ritchie, 71 Mo. 560; Swope v. Weller, 119 Mo. 564; Garrison v. Frazier, 165 Mo. 46; Henan v. McNamara, 77 Mo. App. 1; Bowman v. Lickey, 86 Mo. App. 58, 59; Morrison v. M'f'g. Co., 104 Mo. App. 632.

*J. P. Ford* for respondent.

NORTONI, J.—The action is under the statute to quiet title. Plaintiff instituted the suit in the circuit court of Ripley county against Austin and several other parties who were joined therein with him as defendants.

It was alleged in the petition that the plaintiff was own-
er in fee simple and claimed title to certain real estate
therein described, and that the defendants claimed some
title, estate or interest in or to the real estate mentioned,
the nature and character of which was unknown to the
plaintiff and could not be particularly described and set
forth except that it was adverse to the plaintiff's right.
There was a further allegation to the effect that a num-
ber of the defendants to the action were non-residents of
the State of Missouri and therefore personal service
could not be had upon them.  The petition prayed the
court for an order of publication to bring in all of the
non-resident parties to answer the proceeding and to
quiet the title to the lands, etc.

Defendant Austin is a resident of Ripley county and
was personally summoned to appear and answer.  An
order of publication under the statute was taken against
the non-resident defendants, which order, of course, re-
cited the object and general nature of the suit.  The de-
fendant Austin appeared to the action and filed his an-
swer thereto denying the allegations of the complaint,
averred that he was the owner of the lands described in
fee simple, set up the statute of limitations and adverse
possession thereof against the plaintiff, and for a fur-
ther cross-action and counter-claim, pleaded as follows:

"This defendant, William L. Austin, for cause of
action and complaint against the plaintiff, E. J. Maginn,
states that on the 16th day of June, 1888, the defendant
William L. Austin bought the land now claimed in this
cause to be the property in fee of the plaintiff, E. J. Ma-
ginn, from William P. Haines and wife, for a valuable
consideration paid at the time; that the said William
P. Haines and wife, on the day and date last named,
conveyed the said land, to-wit, the southeast quarter of
section fourteen, township twenty-three, range two east,
by general warranty deed to the defendant, William L.
Austin, who afterwards, on the 6th day of November,

1888, filed the same for record in the recorder's office in Ripley county, Missouri, and said deed was, on that day duly recorded in deed record book 'X' at page 388; that in the month of June, 1888, the defendants entered into the peaceable and full possession of the lands described, and did proceed to clear, fence and improve the same, and did, under the full belief that he had a good and sufficient legal title to the same, reduce a large part of said land into cultivation, and did fence the same, and did erect a dwelling house and other necessary buildings on said premises, and by the expenditure of much money and labor did greatly improve said premises, and enhance the value thereof.

"Yet notwithstanding the facts hereinbefore set forth, and being without the least shadow of title to said described land, and with full knowledge, actual and constructive of this defendant's title and actual and visible possession of said land, the plaintiff, E. J. Maginn, did 'trump up' a false and fraudulent claim of title to said land, and without right, wilfully, falsely wrongfully, maliciously and without probable cause, did commence a suit, this same suit, in the circuit court of Ripley county, Missouri, under the pretense of quieting the title to said lands, and did cause this defendant to be summoned into court to answer and defend against such fraudulent and 'trumped up' claim of title, and did thereby, and by that means, libel this defendant's title to said lands, and by means of such false clamor (*pro falso clamor*) did defeat and prevent the exchange of this defendant's said lands for other lands, and did prevent, hinder, and delay this defendant from making a highly advantageous sale of said lands by means of the pendency of this suit, to the great damage, wrong and injury of this defendant.

"The original petition containing such wilful, false, wrongful, malicious and defamatory claim of title to said lands by the said plaintiff, together with said summons,

and the sheriff's return thereto, are now on file in the clerk's office of this court, and this defendant will make profert of the same upon the trial of this cause, and will ask to introduce the same in evidence herein.

"This defendant further alleges that the plaintiff, E. J. Maginn, further intending, falsely, wilfully, wrongfully and maliciously to publish and further circulate the said false, wilful, wrongful, malicious and libelous claim of title to said described lands in himself, did join with this defendant about one hundred and fourteen other and different persons, as parties defendant to his said action; and, without averring any unity of interest in the said several parties, defendants, or any complicity between the said parties with each other or with the plaintiff. The said plaintiff alleged, in his said petition, that there were others, non-resident of this State, and upon whom the ordinary process of law could not be served in this State, and upon such allegation did obtain an order of publication of summons herein, as to said non-resident defendants, in the 'Hustler,' a newspaper of general circulation, printed and regularly published in said Ripley county, and did cause such publication to be published in said newspaper for four weeks, consecutively, the last insertion thereof being at least fifteen days before the first day of the April term, 1905, of said Ripley County Circuit Court, and did, in said publication, again assert the false, wilful, malicious and libelous claim that he, the said E. J. Maginn, was the owner in fee simple of the southeast quarter of section fourteen, township twenty-three, range two east, in the county of Ripley and State of Missouri, all to the great wrong, injury and damage of this defendant.

"The said publication of summons, with proof thereof, attached thereto, is now on file in the clerk's office of this court, and this defendant upon the trial of this cause, will make profert, and ask to introduce the same

in evidence, in support of these averments in this, his cross-action herein.

"That because of the commencement of this suit and its prosecution in this court by the plaintiff, this defendant has been, and is greatly harassed, annoyed and injured and has been put to great expense in money, and the loss of much valuable time, and has been compelled to, and has employed counsel to appear and defend him in this behalf, in this court, in the necessary defence of his title to said land, and his property rights in the premises, and to the actual damage, altogether in the sum of one thousand dollars ($1,000) for which he asks judgment. And this plaintiff demands judgment for the sum of five hundred dollars punitive damages.

"Wherefore, the plaintiff demands judgment against the defendant E. J. Maginn, in the sum of one thousand dollars ($1,000) actual damages, and five hundred dollars ($500) punitive damages, together with his costs in this behalf expended."

This cross-action and counterclaim against plaintiff for libel of defendant's title by virtue of the filing of the plaintiff's petition and the consequent publication of notice to the non-resident defendants above set out, was stricken out by the court and after due preliminaries, the defendant appeals to this court, insisting that he has a valid cause of action against plaintiff for libel of his title by reason of the plaintiff's petition filed in this action, praying the court to quiet the title, and the publication of notice thereof to the non-resident defendants. A mere statement of the facts suggests, first, the propriety of filing a cross-action or counterclaim seeking a money judgment against a plaintiff in a cause under the statute to quiet title. Without examining or deciding the question, it would seem quite clear that a counterclaim or cross-action in such a suit is not germane and was for that reason if none other, properly stricken by the trial court. Waiving that question entirely, how-

ever, for the reason there is another obvious proposition so conclusive on this appeal, we prefer to direct attention to it.

1. Whatever the state of the record may be, it is well settled law in Missouri that if plaintiff's petition or the defendant's counterclaim fails to state facts sufficient to constitute a cause of action, then the question may be raised for the first time in the appellate court as error apparent on the face of the record, and the judgment affirmed or reversed as the exigencies of the case may require. [Railroad v. Carlisle, 94 Mo. 166, 7 S. W. 102; Orchard v. Nat. Exch. Bank, 121 Mo. App. 338, 98 S. W. 824.]

2. Now the circuit court of Ripley county had complete jurisdiction of plaintiff's action to quiet title to the lands described, and it is certain the plaintiff had the right to go into that court with his petition, setting up the facts and invoking the power of the court in that behalf to ascertain and determine the rights thereto between the respective parties; and under such circumstances, if the statements and allegations made in the petition are relevant and pertinent as they were in this case, they do not constitute an actionable libel for the reason such proceedings in a court of justice are absolutely privileged under the law of Missouri, and being such, no suit for damages can be based on them by the defendant whose title it is alleged was besmirched on account thereof. [Jones v. Brownlee, 161 Mo. 258, 61 S. W. 795.]

On this question Mr. Townsend, in his excellent treatise on Libel and Slander (4 Ed.), sec. 221, says as follows:

"The right of appealing to civil tribunals is more extensive than the right of appealing to the criminal tribunals. In a civil action, whatever the complainant may allege in his pleading as or in connection with his

127 App—27

grounds of complaint can never give a right of action for libel. The immunity thus enjoyed by a party complaining extends also to a party defending; whatever one may allege in his pleading by way of defense to the charge brought against him or by way of counter-charge, counterclaim, or set-off, can never give a right of action for libel. The rule as thus laid down has been doubted by some, and it has been said that if the tribunal to which the complaint be made has no jurisdiction of the subject-matter or if the defamatory matter be irrelevant to the matter in hand, or if the party complaining or defending maliciously inserts defamatory matter in his pleading, that in such cases the party aggrieved may maintain his action for slander or libel. Notwithstanding the dicta to the contrary, we believe the better and the prevailing opinion to be, that for any defamatory matter contained in a pleading in a court of civil jurisdiction, no action for libel can be maintained; the power possessed by courts to strike out scandalous matter from the proceedings before them, and to punish as for a contempt is considered a sufficient guaranty against the abuse of this privilege; but whatever may be the reason, it seems certain that where there is a perversion of the right, 'the policy of the law steps in and controls the individual right of redress.' " [See also 18 Amer. & Eng. Ency. Law (2 Ed.), 1023-1025.]

In so far then, as defendant's cross-action predicates upon libel of title, alleged to result from the allegations in the plaintiff's petition in this case, the matter was entirely and absolutely privileged and no cause of action was stated therein. The court did not err.

The publication of notice to the non-resident defendants was had under the authority of the statutes in that behalf provided. It was likewise in obedience to the order of a court of competent jurisdiction, based upon a proper showing in the pending cause, and under such circumstances, the publication of notice of the pendency

of the suit and its object and general nature was the subject of absolute privilege to the same extent as were the pleadings, or any other pertinent proceeding authorized by law and had in a court of competent jurisdiction. [Townsend on Libel and Slander (4 Ed.), sec. 222; 18 Amer. and Eng. Ency. Law (2 Ed.), 1023.]

The judgment will be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.