J. T. JONES, Defendant in Error, v. ALF. BEN-NETT LUMBER COMPANY, Plaintiff in Error.

**St. Louis Court of Appeals, June 3, 1913.**

1. **LABORER'S LIEN: Construction of Statute.** A laborer having a claim against his employer for wages has no right of action, under Sec. 2188, R. S. 1909, against a third person who takes the employer's property in satisfaction of a debt, since the statute applies only where an employer's property has been seized or impounded under some process of court or is in the hands of some one as trustee and the officer or person "charged" with such property is under a legal duty to sell it and make proper distributions of the proceeds of such sale.

2. ——: ——. Sec. 2188, R. S. 1909, does not confer upon a laborer a new right of action to recover his wages, but merely makes his wages a preferred claim, after being established, in the distribution of the assets of his employer.

3. **PLEADING: Defective Petition: Validity of Judgment.** A valid judgment cannot be predicated on a petition which states no cause of action against the defendant.

4. **APPELLATE PRACTICE: Defective Petition: Review.** The failure of a petition to state a cause of action is an error appearing on the face of the record proper, and hence it is reviewable by the appellate court although no motion for a new trial or in arrest of judgment was filed in the trial court.

Error to Stoddard Circuit Court.—*Hon. W. S. C. Walker,* Judge.

REVERSED.

*Charles A. Houts* for plaintiff in error.

The petition did not state a cause of action. Sec. 2188, R. S. 1909, which gives priority to the claims of laborers under the conditions in that section described has no application to a case where property covered by a mortgage has been seized by the mortgagee or to a case where a creditor has without legal process sold property belonging to a debtor and retained and applied the proceeds thereof in payment of his claim. R. S. 1909, sec. 2188; Fitzgerald v. Meyer, 65 Mo. App. 665; Wilkinson v. Patton, 29 Atl. 293.

*W. E. Edmonds* and *Fagin & Kane* for defendant in error; *McPheeters & Wood* of counsel.

(1) The petition states a cause of action under Sec. 2188, R. S. 1909, in that it alleges the debtor's business was suspended by action of creditors, that defendant took possession, and that proper presentation was made by laborers to defendant for their lienable claims. (2) The presumption as to defendant's possession, independent of any specific allegation in the petition, is that such possession was lawful, and the defendant cannot now be heard to profit by its own wrong, if its possession was not lawful. Chouteau v. Railroad, 122 Mo. 375; Cory v. Railroad, 108 Mo. 282; Bent v. Priest, 10 Mo. App. 543.

ALLEN, J.—Plaintiff, defendant in error here, brought suit in the Stoddard County Circuit Court on August 6, 1910, against the Alf. Bennett Lumber Company, plaintiff in error, upon certain claims, theretofore assigned to plaintiff, for work and labor performed for the firm of Chas. M. Fletcher & Son. The petition contains twenty-three different counts, the first count thereof, omitting formal allegations, being as follows:

"Plaintiff for cause of action states that on or about the months of July and August, 1909, Charles

M. Fletcher and Robert U. Fletcher were copartners in business at the county of Stoddard, in the State of Missouri, under the firm name and style of Charles M. Fletcher & Son, and under such name and style were engaged in the business of sawing, manufacturing and marketing hardwood lumber.

"That on or about the —— day of August, 1909, the business and operations of said firm were closed out and suspended by the action of creditors of said firm, in this, that the lumber, sawmill and appliances belonging to said firm were taken possession of by Mills Brothers and the Bank of Bernie, creditors of said firm, under and by virtue of two chattel mortgages given to said creditors by said firm prior to said last mentioned date, and all of said property of said firm sold to satisfy said mortgages.

"That prior to said sale, defendants, the said Alf. Bennett Lumber Company, took into their possession lumber belonging to said firm of Charles M. Fletcher & Son, sold the same for a large sum of money, to-wit, the sum of two thousand dollars, and that defendants have retained and still retain in their possession said sum of money, under the claim that the said Charles M. Fletcher & Son were indebted to said defendants.

"That at the time said defendants took into their possession said lumber, the said Charles M. Fletcher & Son were indebted to one J. M. Lane for work and common labor done and performed in and upon said lumber in and about said sawmill in the sum of thirty-six and 93/100 dollars.

"That said work and labor was done within six months prior to the taking possession of said lumber by defendants and is and was a preferred and prior claim against the property and assets of said Charles M. Fletcher & Son, to any debt or claim of defendants against said Charles M. Fletcher & Son.

"That on the 10th day of September, 1909, the said J. M. Lane duly assigned in writing his said claim to this plaintiff.

"Wherefore, plaintiff asks judgment for said sum of thirty-six and 93/100 dollars."

Each of the twenty-two succeeding counts was substantially the same as that above, differing only in the name of the person by whom the work and labor was alleged to have been performed, and the amount due therefor.

Continuing, the petition set out in full a notice alleged to have been served on defendant, September 24, 1909, stating the amount claimed to be due plaintiff as assignee of the twenty-three claims sued upon, specifying the nature of the work performed by said laborers and when performed, calling attention to section 3187, chapter 26, Revised Statutes of Missouri 1889 (now Sec. 2188, R. S. 1909), and reciting that the business of Charles M. Fletcher & Son had been suspended by the action of creditors, and calling upon the defendant to pay said claims because of the alleged fact that certain lumber had been transferred to the defendant which had been manufactured at the sawmill of Charles M. Fletcher & Son with the labor of the various persons who had assigned their claims to this plaintiff.

The defendant filed no answer or other pleading to said petition, and on October 3, 1910, during the September term of the circuit court, the cause was heard by the court without a jury and judgment entered for plaintiff for the total amount of the claims sued upon, to-wit, $735.36.

Thereafter on November 4, 1910, and at the same term of court, the defendant, limiting its appearance for the purpose of the motion, moved the court to set aside the judgment theretofore entered for the reasons, as alleged, that the defendant corporation had never had any office or agent for the transaction of its usual

and customary business in Stoddard county, Missouri; that the cause of action, if any, attempted to be stated in the petition did not accrue in such Stoddard county, and that the circuit court of Stoddard county acquired no jurisdiction over the defendant by the service upon it in the city of St. Louis; that the petition failed to state any cause of action and therefore failed to show that any cause of action accrued to plaintiff in said Stoddard county, as well as failed to show that the cause of action attempted to be stated accrued in said county.

Thereafter this motion was by the court overruled, and the defendant, plaintiff in error here, brought the case to this court by a writ of error.

The cause of action attempted to be stated in the petition is predicated upon section 2188, Revised Statutes 1909, which is as follows:

"Employees and laborers preferred creditors.— Hereafter when the property of any company, corporation, firm or persons shall be seized upon by any process of any court of this State, or when their business shall be suspended by the action of creditors, or be put into the hands of a receiver or trustee, then in all such cases the debts owing to laborers or servants, which have accrued by reason of their labor or employment, to an amount not exceeding one hundred dollars to each employee, for work or labor performed within six months next preceding the seizure or transfer of such property, shall be considered and treated as preferred debts, and such laborers or employees shall be preferred creditors, and shall be first paid in full; and if there be not sufficient to pay them in full, then the same shall be paid to them *pro rata,* after paying costs. Any such laborer or servant desiring to enforce his or her claim for wages under this article shall present a statement under oath showing the amount due after allowing all just credits and set-offs, the kind of work for which such wages are due, and when

performed, to the officer, person or court charged with such property, within ten days after the seizure thereof on any execution or writ of attachment, or within thirty days after the same may have been placed in the hands of any receiver or trustee; and thereupon it shall be the duty of the person or court receiving such statement to pay the amount of such claim or claims to the person or persons entitled thereto, after first paying all costs occasioned by the seizure of such property, out of the proceeds of the sale of the property seized: Provided, that any person interested may contest any such claim or claims, or any part thereof, by filing exceptions thereto, supported by affidavit, with the officer having the custody of such property; and thereupon the claimant shall be required to reduce his claim to judgment before some court having jurisdiction thereof before any part thereof shall be paid.''

It will be seen that this section gives a preference to laborers ''when the property of any company, corporation, firm or persons shall be seized upon by *any process of any court of this State, or when their business shall be suspended by the action of creditors, or be put into the hands of a receiver or trustee.*''

It is further provided that to enforce any such claim the laborer shall present a statement thereof, under oath, ''to *the officer, person or court charged with such property,* within ten days after the seizure thereof *on any execution or writ of attachment,* or within thirty days after the same may have been placed in the hands of *any receiver or trustee.*'' The statute then provides that such claim shall be payable ''*out of the proceeds of the sale of the property seized.*''

A reading of the statute makes it clear that it was intended to apply only when the property of a debtor has been seized or impounded under some process of court (as by attachment, execution or the appointment of a receiver), or is in the hands of some one as a

trustee, and the officer or person "charged" with such property is under the legal duty to sell it and make proper distribution of the proceeds of sale thereof. [See Fitzgerald v. Meyer, 65 Mo. App. 665.]

Plaintiff's theory is that the petition states a cause of action against defendant, under the statute, when it alleges that the business of Charles M. Fletcher & Son had been suspended by action of creditors and that the defendant took possession of and sold certain lumber of the firm of Charles M. Fletcher & Son, in payment, as is averred, of a debt due it. Plaintiff's theory is that the defendant then became the "*person* . . . charged with such property*," within the meaning of the statute. This theory however is untenable, for the reason that it was evidently not the purpose of the statute to give to a laborer or servant, having a claim against his employer for wages, a right of action against a third person, such as defendant here, who may have in some manner come into the possession of certain property of the employer. The statute gives a priority to labor claims, providing specifically what steps shall be taken by the holders of such claims in order to secure a preference under the statute. These provisions relate solely to the administration of the property of the employer, and the distribution of the proceeds of the sale thereof, after it has been seized upon by the process of a court, or has come into the hands of some officer or person, within the contemplation of the statute, for the purposes indicated by the act. In Fitzgerald v. Meyer, supra, it is pointed out that the statute does not cover the taking possession of such property by a mortgagee "but seems to point alone to the cases where the property is seized under process of court, such as in attachment, execution or the appointment of a receiver, or to cases where the property is transferred to a trustee."

It is evident that the word "person" as used in that portion of the statute providing that one desiring

to enforce such a claim shall present a statement thereof under oath to the officer, *person* or court charged with such property, etc., refers to one in charge of the property of the employer in some capacity such as indicated above. It cannot be seriously contended that the section creates in favor of a laborer or servant any such right of action as is here attempted to be enforced. In fact it will be seen that the act does not confer upon such a claimant any new right of action at all, but merely makes the wages of a laborer or servant a preferred claim, in the distribution of the assets of the employer, where the claim filed therefor is not contested; or, if contested, then upon reducing such claim to judgment against the employer, the judgment thereupon is given such preference. The statute provides that upon any such claim being filed with the officer, person or court charged with the property, any person interested may contest the claim, by filing exceptions thereto supported by affidavit with the officer having custody of the property, and thereupon the claimant is required to reduce his claim to judgment against his employer in some court of competent jurisdiction before it may be paid. And the succeeding sections (2189 and 2190) make provision as to the bringing of such suits and the judgment to be entered therein. There is nowhere in the statute to be found any support for plaintiff's theory that such an action may be brought against a third person into whose hands some property of the employer may have come. This is the cause of action attempted to be alleged in the petition; and we are forced to hold that the petition wholly failed to state a cause of action, and that the judgment based thereupon is void.

The point that the court below acquired no jurisdiction over defendant corporation, and the questions therein involved and which are discussed in the briefs, need not be touched upon. Inasmuch as the petition

stated no cause of action against this defendant, no judgment could, in any event, be predicated thereupon. And as the error is one appearing upon the face of the record proper, the appellate court, on writ of error, will reverse the judgment, though no motion for a new trial or in arrest was filed. [Orchard v. Bank, 121 Mo. App. 338, 38 S. W. 824.]

For the reasons given above, the judgment of the circuit court is reversed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.