## DRILLING & EXPLORATION CORPORATION et al. v. WEBSTER.

### No. 7130.

Circuit Court of Appeals, Ninth Circuit.
Feb. 23, 1934.

Paul B. D'Orr and Melvin J. Keane, both of Los Angeles, Cal., for appellant.

Claude I. Parker and Ralph W. Smith, both of Los Angeles, Cal., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

GARRECHT, Circuit Judge.

In the order appointing the receiver in this case the court authorized him as follows:

" * * * And in his discretion to employ and discharge and fix compensation of * * * attorneys * * * and to make such payments and disbursements as may be needful and proper in so doing."

The receiver upon the authority of this order from time to time made cash payments to appellant for attorney's fees and expenses aggregating $43,802.41.

In his fourth report the receiver advised the court that the appellant claimed that there was due him as a balance for attorney's fees the sum of $31,554.43. The receiver set up a liability on this demand of $2,333.35, but the remainder of the claim of the attorney in the sum of $29,221.08 was noted as a contingent liability of the receivership, depending upon the determination of the court.

To this report the appellant filed exceptions and the matter came on for hearing. On the first and second day of the hearing the appellant put in evidence and conducted his case on the theory that the entire matter of all the attorney's fees claimed or paid appellant during the entire period of the receivership was open and subject to adjudication.

During a discussion which took place on the third day of the trial, appellant appears to have taken the position that the only matter for adjudication was the amount of the unpaid additional attorney's fee, which he claims should be $30,553.78, but which the receiver was willing to allow for only $2,333.-35. The appellant contended that all previous payments for attorney's fees had been settled by orders of approval theretofore entered by the court. The receiver insisted that such was not his understanding, and that if such an order had been made, it was an inadvertence, and he would ask the court to set aside such approval, and that in this situation the exceptions of appellant and the theory and issues made by him, and the burdens assumed by appellant in the trial, made the reasonable value of appellant's entire services as attorney an issue before the court.

The court held that the issues involved were as contended for by the receiver, and further stated that the judge had not intended to sign any order approving the payment of attorney's fees to appellant, and that if an order adjudicating the allowance of the attorney's fees had been entered, he would vacate and set the same aside. Counsel for appellant requested an exception to this ruling.

The court found upon final determination of the matter that the attorney had been overpaid the sum of $4,143.14, and an order was entered for him to forthwith pay said sum to the receiver.

The only questions involved here are:

First. Did the court have power by a "nunc pro tunc" order to set aside and vacate a previous order approving attorney's fees already paid?

Second. At the hearing of objections of appellant to the fourth report of said receiver, was the court in determining and adjudicating the reasonable value of attorney's

418

fees restricted to the additional amount claimed?

Third. Did the court have the power to order repayment to the receiver of money received by appellant as attorney's fees?

The court had a right to correct its order entered through inadvertence and by mistake. Wiggin v. Superior Court, 68 Cal. 398, 9 P. 646. Further, the court retained the right to approve the amounts to be allowed for services in the receivership. Heinze v. Butte, etc. (C. C. A. 9th) 129 F. 337.

The court had power to require the attorney to repay to the receiver the amount determined by the court to be an overpayment.

In the case of Orchard v. Nat. Ex. Bank, 121 Mo. App. 338, 98 S. W. 824, the bank received assets from a receiver. On the final settlement there was an insufficiency of assets to pay the expenses. The bank voluntarily came into court and filed objections to the settlement. The trial court held that the court, having jurisdiction of the bank and the subject-matter, was competent to enter an order requiring the bank to return to the receiver a sum sufficient to cover the balance due him for the expenses of the receivership. The appellate court held that such order was valid.

The law is well settled that allowances to receivers and attorneys are within the sound discretion of the trial court, and "appellate courts are not much inclined to interfere with the exercise of this discretionary power of courts of first instance. The lower court ordinarily has better knowledge of the controlling circumstances than an appellate tribunal can have." Eames v. H. B. Claflin Co. (C. C. A.) 231 F. 693, 696.

The court appointing the receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys. In the absence of any statutes fixing the receiver's compensation or the compensation of the receiver's attorney, the fixing of such compensation is left entirely to the determination of the appointing court. (Clark, p. 894, § 641(o). It would be a vain thing for a court to appoint a receiver and make orders affecting parties and affecting the property in the custody of the court, unless the court had power to enforce such orders.

Furthermore when a court of equity appoints receivers of corporate property, its allowance to its receivers and their attorneys is an administrative order, presumptively right as to the justice of the allowance, and since orders for such allowances are purely administrative, they are subject to entire disallowance or change by either increase or decrease with the development of the administration. Hume v. Myers (C. C. A.) 242 F. 827, 830.

As to the contention of appellant that the order and judgment of the District Court was nugatory because the facts adjudicated were not within the issues made or tendered by the pleadings, it is sufficient answer to say that both court and parties proceeded as though these very issues decided, had been pleaded and were before the court for determination. There was not any element of surprise, and at any stage of the proceedings the court would have ruled that the pleadings be considered amended to conform to the proof. Therefore this court has the authority, and we deem it our duty in this case to consider the pleadings amended to conform to the facts of the record. Norton v. Larney, 266 U. S. 511, 45 S. Ct. 145, 69 L. Ed. 413; Realty Holding Co. v. Donaldson, 268 U. S. 398, 45 S. Ct. 521, 69 L. Ed. 1014.

Affirmed.