Scott Conrad **THOMPSON, Personal Representative of the Estate of W.C. Thompson, Deceased, Plaintiff–Appellant,**

v.

**Glen B. THOMPSON, et al., Defendants–Respondents.**

No. 16256.

Missouri Court of Appeals, Southern District, Division Two.

March 12, 1990.

Motion for Rehearing or Transfer Denied April 2, 1990.

Mark J. Pelts, Pelts, Stokley & Turnbow, Kennett, for plaintiff-appellant.

Daniel T. Moore, Poplar Bluff, for defendants-respondents.

HOGAN, Judge.

This action was brought by W.C. Thompson, now deceased, against Glen B. Thompson and Dona Thompson, his wife, to establish a resulting trust in six parcels of realty located in Dunklin County, Missouri. Plaintiff also sought an accounting for the rents and profits derived from the realty during the calendar years 1985 and 1986. Plaintiff W.C. Thompson died during the pendency of the action. Scott Conrad Thompson, personal representative of the Estate of W.C. Thompson, deceased, and W.C. Thompson's sole heir, was substituted as plaintiff. No findings of fact or conclusions of law were requested. The trial court volunteered no findings but did conclude that the plaintiff had failed to carry his burden of proof. Judgment was entered for the defendants and against plaintiff on both counts of the petition. The plaintiff has appealed. With some reluctance, we have concluded the appeal is so inadequately briefed as to require affirmance of the judgment without adjudication on the merits.

It may be gathered from the record that beginning in 1969 and for a number of

years thereafter, Glen B. Thompson and his wife Dona purchased and traded several tracts of land in Dunklin County. One may speculate that W.C. Thompson and Glen Thompson enjoyed a close personal relationship and that W.C. Thompson, referred to as "Connie," sometimes gave his brother business advice. Otherwise, the record and the exhibits warrant a number of different reasonable conclusions.

Rule 84.04 (formerly Rule 83.05 and before that Rule 1.08) provides that the brief for the appellant shall contain: (1) a concise statement of the grounds on which jurisdiction of the review court is involved; (2) a statement of the facts; (3) the points relied upon, and (4) an argument which shall substantially follow the order of "Points Relied On." Present Rule 84.04(c) provides that:

> "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for ... argument."

Long ago, our Supreme Court held that the purpose of the statement of facts was "to afford an immediate, accurate, complete and unbiased understanding of the facts of the case...." *Wipfler v. Basler*, 250 S.W.2d 982, 984–85 (Mo.1952). This ruling has been restated many times. See *Commerce Bank of Kansas City v. Conrad*, 560 S.W.2d 388, 390[4] (Mo.App.1977), appeal dismissed, 436 U.S. 901, 98 S.Ct. 2228, 56 L.Ed.2d 399, (1978), *reh. denied*, 437 U.S. 912, 98 S.Ct. 3106, 57 L.Ed.2d 1143; *Dors v. Wulff*, 522 S.W.2d 325, 326[2] (Mo.App.1975); *Geiler v. Boyer*, 483 S.W.2d 773, 774[1, 2] (Mo.App.1972).

A good many years ago, Judge Roscoe P. Conkling, then Chief Justice of our Supreme Court, commented upon the importance of the statement of facts in an address to the Missouri Bar. Speaking of the Statement of Facts, Judge Conkling said:

> "It is substantially impossible to place too much emphasis upon the statement of facts in the brief. The facts of the case give rise to the law which must be declared and usually determine the decision of the court for or against the client. No lawyer can afford to fail to master the facts. And accuracy in fact statement is imperative...."

R. Conkling, The Appellate Court Brief Should:, 10 J.Mo.Bar 161, 164 (1954).

While our courts have been hesitant to dismiss an appeal on the ground that the appellant's statement of facts is inadequate, it has held time and again that violation of Rule 84.04(c) constitutes grounds for doing so. See, e.g., *Claspill v. City of Springfield*, 598 S.W.2d 183, 185[1] (Mo. App.1980); *Robinson v. Laclede Gas Co.*, 553 S.W.2d 495, 496[1, 2] (Mo.App.1977). Of course, perfection is not required, only reasonable compliance. Nevertheless, it is not the duty of an appellate court to become an advocate for the appellant and search the record for error; the judgment rendered is presumptively correct and the appellant has the burden to demonstrate that it is erroneous. *Massman Construction Co. v. Kansas City*, 487 S.W.2d 470, 478[6] (Mo.1972); *Pallardy v. Link's Landing, Inc.*, 536 S.W.2d 512, 515 (Mo.App. 1976). If the court is to adjudicate the appeal without becoming an advocate for the appellant, the appellant must define the scope of the controversy by stating the relevant facts fairly and concisely. *Power v. Automobile Club Inter–Insurance Exchange*, 516 S.W.2d 541, 542[1] (Mo.App. 1974).

Failure to comply with Rule 84.04(c), as one might suppose, is more serious in some cases than in others. This case, however, presents a factual dispute. Plaintiff sought to prove the existence of a purchase-money resulting trust in six separate tracts of land. His sole point on appeal is that his evidence established a resulting trust as a matter of law. Nevertheless, plaintiff has contented himself with stating the relevant facts in 20 typewritten lines. His modest expansion of the fact statement in the "argument" part of the brief is inadequate to cure the deficiency in his statement of facts. Considered as a whole, the brief filed is little more than an invitation

to examine the record for error. We decline, and affirm the judgment.

FLANIGAN, P.J., and MAUS, J., concur.