**STATE ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff–Appellant,**

v.

**William D. PIPKIN, Bonita Louise Pipkin, and William D. Pipkin as Trustee under his Revocable Living Trust Agreement dated January 28, 1981 (Tract No. 2), Defendants–Respondents.**

No. 17278.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 30, 1991.

Motion for Rehearing or Transfer
Denied Oct. 22, 1991.

Application to Transfer Denied
Dec. 17, 1991.

Rich Tiemeyer, Chief Counsel, Jefferson City, Donald E. Meyer, District Counsel, Janice E. McCain, Asst. Counsel, Springfield, for plaintiff-appellant.

James D. Tucker, Harrison, Tucker & Hyde, Springfield, for defendants-respondents.

PER CURIAM.

In this condemnation action, the Missouri Highway and Transportation Commission appeals from a jury-assessed damage award of $57,500 in favor of the landowners. The "Statement of Facts" in the Commission's brief consists of the following 15 sentences:

The Plaintiff–Appellant, Missouri Highway and Transportation Commission, filed a condemnation action in the Circuit Court of Greene County, involving the property which is the subject of this case on or about the 7th of July, 1988. The property at issue is a 358-acre tract located on Route 266 in Greene County, Missouri, owned by the Respondents. By the condemnation, the Plaintiff acquired a 3.37-acre strip of land along Route 266 owned by the Defendants. The highway commission relocated a bridge and straightened the road in the area.

The Circuit Court of Greene County, Division III, entered its order condemning the subject tract on August 9, 1988; and, appointing commissioners on August 16, 1988. The commissioners filed their report awarding damages of Twenty Thousand Two Hundred Seventy-five and No/100 ($20,275.00) on September 7, 1988. The Appellant paid the amount awarded by the commissioners for the subject tract into court on September 22, 1988. Both parties filed exceptions.

A trial to a jury in Division III of the Circuit Court of Greene County commenced on September 4, 1990.

On September 5, 1990, the jury returned its verdict in the amount of Fifty-seven Thousand Five Hundred and No/100 ($57,500.00). It is from this verdict that the Appellant appeals.

A Motion for a New Trial was filed by the Plaintiff–Appellant. That motion was argued to the court. On November 26, 1990, the court entered its order denying the Plaintiff's Motion for New Trial. A timely Notice of Appeal was filed by the Appellant.

The Commission's statement of facts is so inadequate that we affirm the judgment without adjudication of the merits.

"[A]llegations of error ... not properly briefed shall not be considered in any civil appeal...." Rule 84.13(a). Rule 84.04(a), governing the contents of an appellant's brief, provides:

The brief for appellant brief shall contain: (1) A concise statement of the grounds on which jurisdiction of the review court is invoked; (2) A statement of the facts; (3) The points relied upon; and (4) An argument which shall substantially follow the order of "Points Relied On."

Rule 84.04(c) provides:

The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument.

For the "questions presented for determination" we look to the Commission's two points relied on, which we set out in their entirety:

1. The trial court erred in permitting evidence of inconvenience and loss of visibility due to a change of grade and changes in access to be presented to the jury in that those items are noncompensable under Missouri law because they are general items of damage, and are within the proper exercise of the police power of the state.

2. The trial court erred in permitting Hoover Case, the defendants' expert to testify, because his opinion was based on unsubstantiated opinion, contained hearsay evidence, and encouraged the jury to enter a verdict on the basis of an improper measure of damages in that the expert testified to an unverified sale, and testified to the ultimate issue of fact, to the plaintiff's prejudice.

It is "immediately apparent and patently plain" that the Commission's statement of facts is nothing more than "a thumbnail sketch of the pleadings and judgment that does not purport to state, summarize or even allude to any of the *testimony* or *evidence* supporting or bearing upon" the Commission's points relied on. *Midwest Lumber Co. v. Sellers*, 556 S.W.2d 509, 510 (Mo.App.1977). "To denominate the segment of [the commission's] brief under consideration as a 'Statement of Facts' within the contemplation and meaning of Rule 84.-04(c) would be farcical." *Id.* at 511.

In the past, our courts have been hesitant to dismiss an appeal because the appellant's statement of facts was inadequate, despite authority to do so. *Thompson v. Thompson*, 786 S.W.2d 891, 892 (Mo.App.1990). We are equally hesitant to refuse to consider allegations of error that are not properly briefed even though Rule 84.13(a) clearly mandates that "allegations of error ... not properly briefed shall not be considered in any civil appeal."

Because of our hesitation to rigorously apply Rule 84.13(a) to the Commission's statement of facts, we look to the argument portion of the Commission's brief. *See Salamy v. State Farm Fire and Casualty Co.*, 629 S.W.2d 653, 655 (Mo.App. 1982). We find that the argument states relevant "facts" with page citations to the record. However, when we turn to the

transcript pages indicated, we find that some of the "facts" referred to in the argument portion of the brief are drawn from an offer of proof conducted while the jury was outside the courtroom.[1] Thus, the Commission attempts to convict the trial court of error by setting forth testimony from an offer of proof as if it had been heard by the jury. This is not proper briefing practice.

The primary purpose of the statement of facts is "to afford an immediate, accurate, complete and unbiased understanding of the facts of the case...." *Wipfler v. Basler*, 250 S.W.2d 982, 984 (Mo.1952) (applying predecessor Rule 1.08); *Pioneer Finance Co. v. Washington*, 419 S.W.2d 466, 468 (Mo.App.1967) (applying predecessor Rule 83.05); *Porter's Ready–Built, Inc. v. Plummer*, 685 S.W.2d 236, 237 (Mo.App. 1985). Accurate recital of the facts is equally important in the argument portion of the brief. The importance of an accurate recitation of relevant facts in the argument is underscored where, as here, we have disregarded a failure to comply with Rule 84.04(c) and have turned to the argument to obtain an understanding of the facts of the case. We find that the "facts" set forth in the argument do not provide us "an immediate, accurate, complete and unbiased understanding of the facts of the case...." *See Wipfler*, 250 S.W.2d at 984; *Pioneer Finance*, 419 S.W.2d at 468; *Thompson*, 786 S.W.2d at 892.

We do not expect perfection; however, we do expect reasonable compliance with the briefing rules. *Thompson*, 786 S.W.2d at 892. Because of the nature of the issues raised on appeal in this case, it was imperative that we have an immediate, accurate, complete, and unbiased understanding of the facts relevant to those issues. We did not obtain that understanding from the Commission's statement of facts or from the argument portion of the Commission's brief.

(I)t is not the duty of an appellate court to become an advocate for the appellant and search the record for error; the judgment rendered is presumptively correct and the appellant has the burden to demonstrate that it is erroneous. If the court is to adjudicate the appeal without becoming an advocate for the appellant, the appellant must define the scope of the controversy by stating the relevant facts fairly and concisely.

*Thompson*, 786 S.W.2d at 892 (citations omitted).

Rule 84.13(a) authorizes our disposition of this appeal. *See also Thompson*, 786 S.W.2d 891. We affirm the judgment of the trial court.

---

**1.** In the argument portion of its brief, the Commission states the following "facts" about the testimony of landowner W.D. Pipkin: "Mr. Pipkin testified that ... because the grade was changed along the front of the property, his display area was not as visible as it had been before the change in the highway. (Tr. 170, L. 19–25, Tr. 171, L. 1–6).... He also testified about the 'effect of the taking' on 'the aesthetics' of the property; and, how well his remaining property is suited for use as a 'purebred livestock farm.' (Tr. 171, L. 15–25; Tr. 172, L. 1–8 ...)" Upon turning to the pages and lines cited, we find the testimony of W.D. Pipkin was heard by the court—and not by the jury—during the offer of proof that was subsequently rejected.