**Denver O'DELL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 17513.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 21, 1992.

Motion for Rehearing or Transfer to
Supreme Court Denied
Aug. 10, 1992.

Application to Transfer Denied
Sept. 22, 1992.

Denver O'Dell, pro se.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

## PER CURIAM.

Denver O'Dell (movant) appeals the denial of his Rule 27.26 [1] motion. He sought to vacate his conviction of second degree felony murder which resulted in a sentence of fifty years' imprisonment. On direct appeal, movant's conviction and sentence was affirmed by this Court in *State v. O'Dell,* 684 S.W.2d 453 (Mo.App.1984).

In December 1987, movant filed a pro se motion. The motion was amended by paid counsel with a later addendum added to the amended motion. As movant states in his brief, "[t]he majority of the allegations in the first amended motion and the addendums thereto involved ineffective assistance of counsel issues...."

An evidentiary hearing on movant's motion was held on February 4 and 5, 1991. The court made findings of fact and conclusions of law and denied the motion. Thereafter, movant discharged his retained counsel and has now filed his brief pro se with this Court.

Movant has filed with us a legal file of four volumes consisting of 1,248 pages, which includes the original trial transcript of 274 pages. The Rule 27.26 hearing transcript of two volumes amounts to 566 pages.

---

**1.** References to Rule 27.26 are to Missouri Rules of Court (1987). This rule was repealed effective January 1, 1988, and replaced by Rules 24.035 and 29.15.

Movant's brief consists of exactly 100 pages. Previously, we denied his motion to increase the page limitation (Rule 84.04(i)) to 150 pages. Movant next filed a motion claiming our adherence to the 100–page limitation has precluded him from presenting "eleven points" with substantial merit. Attached to this motion, as exhibits, are all eleven points amounting to 50 pages, along with a prayer for our review of each point. That motion was taken with the case.

Movant's brief contains nine points relied on. Point VIII contains eight subpoints concerning ineffective assistance of counsel. Of his seventeen points and subpoints, sixteen mention directly or indirectly ineffective assistance of counsel. Point III claims error of the trial court for "failing to enter specific and adequate findings of fact and conclusions of law concerning *several* of the issues raised in [movant's] Rule 27.26 motion...." (Emphasis added.)

The deficient statement of facts in movant's brief consists of four pages. It is only a procedural history of his case and contains absolutely no facts relevant to the questions presented for our determination. Understandably, no page references (Rule 84.04(h)) are made to the Rule 27.26 hearing transcript.

▆▆▆ Proceedings under Rule 27.26 at both the trial and appellate level are governed by the Rules of Civil Procedure so far as they are applicable. *State ex rel. Reece v. Campbell*, 551 S.W.2d 292, 296 (Mo.App.1977); Rule 27.26(a). Therefore, movant's brief on appeal is required to conform to the requirements of Rule 84.04.[2]

Rule 84.04(a) requires that appellant's brief contain:

(1) A concise statement of the grounds on which jurisdiction of the review court is invoked; (2) A statement of the facts; (3) The points relied upon; and (4) An argument which shall substantially follow the order of "Points Relied On."

Rule 84.04(c) provides:

The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. Such statement of facts may be followed by a resume of the testimony of each witness relevant to the points presented.

Finally, under Rule 84.13(a) "allegations of error ... not properly briefed shall not be considered in any civil appeal...."

The situation here is almost identical to the appeal in *Overall v. State*, 540 S.W.2d 637 (Mo.App.1976). There, appellant was convicted of robbery and sentenced to twenty years' imprisonment. On appeal from denial of his Rule 27.26 motion, the Court observed:

The single page denominated "Statement of Facts" is wholly inadequate. It is merely a history of the case. It contains none of the facts that would be relevant to the issues sought to be raised. It does not contain one reference to the transcript of the hearing held with respect to petitioner's motion.

*Id.* at 638. The appeal was dismissed after the court said, "We can no longer tolerate gross inadequacy in appellate briefs." *Id.*

The primary purpose of the statement of facts is "to afford an immediate, accurate, complete and unbiased understanding of the facts of the case...." *Wipfler v. Basler*, 250 S.W.2d 982, 984 (Mo.1952). *See Pioneer Finance Co. v. Washington*, 419 S.W.2d 466, 468 (Mo.App.1967); *Porter's Ready–Built, Inc. v. Plummer*, 685 S.W.2d 236, 237 (Mo.App.1985).

▆▆▆ Even though our courts have been hesitant to dismiss an appeal based on an inadequate statement of facts, violation of Rule 84.04(c) is grounds for such action. *Thompson v. Thompson*, 786 S.W.2d 891, 892 (Mo.App.1990). *See Claspill v. City of Springfield*, 598 S.W.2d 183, 185 (Mo.App. 1980); *Robinson v. Laclede Gas Co.*, 553 S.W.2d 495, 496 (Mo.App.1977).

Of course, perfection is not required, only reasonable compliance. Nevertheless, it is not the duty of an appellate court to become an advocate for the appellant and search the record for error; the judgment rendered is presumptively

---

**2.** References to Rule 84 are to Missouri Rules of Court (1992).

correct and the appellant has the burden to demonstrate that it is erroneous. If the court is to adjudicate the appeal without becoming an advocate for the appellant, the appellant must define the scope of the controversy by stating the relevant facts fairly and concisely.

*Thompson,* 786 S.W.2d at 892 (citations omitted).

Our hesitancy to dismiss an appeal for inadequate briefing has diminished as reflected by recent decisions of this court. *Thompson v. Thompson, supra; State ex rel. Missouri Hwy. & Transp. Comm'n v. Pipkin,* 818 S.W.2d 688 (Mo.App.1991); *Midwest Lumber Co., Inc. v. Sellers,* 556 S.W.2d 509 (Mo.App.1977). The reason for such dismissal is clear. "The veritable deluge of cases at this appellate level no longer admits of our ignoring or winking at such blatant and flagrant disregard of plain requirements." *Id.* at 511.

 In this case approximately 1,800 pages of the legal file and evidentiary hearing transcript contain facts relevant to movant's questions for determination. For us to search for facts supporting movant's position requires an inordinate amount of judicial time and resources. Such activity results in unfairness to parties with appeals pending who have observed the requirements of Rule 84.04. Those parties should not be delayed by others who ignore the rule.

Possibly it can be said the carefully stated facts by Judge Maus in *State v. O'Dell, supra,* are available for this decision. Those facts provide no assistance because ineffective assistance of counsel was not at issue there. The issues in movant's direct appeal are unlike those presented here.

■ Point III preserves nothing for our review because of movant's failure to state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous. Rule 84.04(d). That point merely contends the court failed to enter specific and adequate findings of fact and conclusions of law concerning several issues in movant's motion. The "wherein and why" requirement of the rule is totally

ignored. *See Thummel v. King,* 570 S.W.2d 679, 684–90 (Mo.banc 1978).

■ Movant chose to proceed pro se in this Court. Rule 84.04 is not relaxed in that circumstance. " '[P]arties proceeding *pro se* are bound by the same rules as lawyers. They are entitled to no indulgence they would not have received if represented by counsel.' " *Snelling v. Stephenson,* 747 S.W.2d 689, 690 (Mo.App. 1988). *See Snelling v. Jackson,* 787 S.W.2d 906, 907 (Mo.App.1990).

We conclude movant's appeal should be dismissed. It is so ordered.