MONTGOMERY, Presiding Judge.
Appellant, Eddie L. White, appeals from a judgment of the trial court which annulled his marriage to Respondent and decreed that Appellant “equitably adopted” Christian White (the minor child of Respondent). The judgment awarded custody of the minor child to Respondent with reasonable visitation to Appellant who was ordered to pay $380 monthly child support.
Respondent has filed a motion requesting dismissal of the appeal because Appellant’s brief “violates virtually every rule relating to the content, form, and requirements for appellate briefs.” Respondent’s motion continues with a showing of glaring deficiencies in Appellant's statement of facts and his points relied on. The motion is well taken and must be sustained. Appellant’s *213 brief clearly fails to comply with the requirements of Rule 84.04.[1]
Rule 84.04(a)(2) provides that Appellant’s brief shall contain a statement of facts. Rule 84.04(c) requires that the statement of facts “shall be a fair and concise statement of the facts relevant to the questions presented for determination....” In addition, all statements of fact shall have “specific page references to the legal file or the transcript.” Rule 84.04(h).
The purpose of the statement of facts is “to afford an immediate, accurate, complete and unbiased understanding of the facts of the case_” Wipfler v. Basler, 250 S.W.2d 982, 984-85 (Mo.1952). If the court is to adjudicate the appeal without becoming an advocate for the appellant, the appellant must define the scope of the controversy by stating the relevant facts fairly and concisely. Thompson v. Thompson, 786 S.W.2d 891, 892 (Mo.App.1990). Violation of Rule 84.04(c) constitutes grounds for dismissal of an appeal. Id.
Here, Appellant’s statement of facts consists of twenty-one typewritten lines with only three lines containing any relevant facts. The remaining lines deal essentially with the procedural history of the case. Appellant totally fails to advise us of the facts relevant to the questions presented for determination. Although the transcript consists of 381 pages, Appellant makes only one specific page reference to this voluminous transcript.
Regarding an inadequate statement of facts in Thompson, this Court said:
Nevertheless, plaintiff has contented himself with stating the relevant facts in 20 typewritten lines. His modest expansion of the fact statement in the “argument” part of the brief is inadequate to cure the deficiency in his statement of facts. Considered as a whole, the brief filed is little more than an invitation to examine the record for error.
Id. at 892-93. See Wheadon v. Froelich, 811 S.W.2d 817, 818 (Mo.App.1991). In this case, Appellant contented himself with stating the relevant facts in less than three typewritten lines. His statement of facts preserves nothing for appellate review.
Next, Appellant’s points relied on are quoted verbatim as follows:
I.
That the trial court erred in not dismissing the Respondent’s petition for lack of jurisdiction once the Respondent stated that she was a resident of the state of Georgia.
II.
That the court erred in setting the amount of child support as the amount of child support violates Rule 88.01 and Form 14 as it deviates from the amount set forth by calculating Form 14 by more than $100.00 per month and no reason for such deviation is set forth[.]
III.
That the court erred in finding that Appellant had equitably adopted the child as there was a conflict in the testimony and the court placed the Respondent under the preponderance of the evidence and not the clear, cogent, and convincing burden of proof and the court was without jurisdiction to proceed to issues involving custody as Respondent’s final pleadings were shown to have been false and incomplete as they did not show the name of the natural father of the child and the natural father of the child was not added as a party to the action.
IV.
That the court erred in allowing William R. Sachs to testify in violation of the attorney-client privilege[.]
Rule 84.04(d) provides, in pertinent part:
The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous
*214 [[Image here]]
Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.
The sufficiency of Appellant’s points to preserve an issue for review is governed by certain principles set forth in the leading case of Thummel v. King, 570 S.W.2d 679 (Mo. banc 1978). A point relied on, after identifying the allegedly erroneous ruling of the trial court, must specify why the ruling was erroneous. Id. at 685. This requirement contemplates a statement which ordinarily will closely approximate what the appellant believes should have been the trial court’s conclusion of law on the point being addressed. Id. After stating why the ruling was erroneous, the point must then explain wherein the testimony or evidence gives rise to the ruling for which appellant contends. Id. “It is not enough for the point, as here, via conclusions of claimed error to simply say the trial court was wrong without alluding to some evidence or testimony which gives support to such conclusions.” Montesano v. James, 655 S.W.2d 137, 139 (Mo.App.1983).
In the instant case, none of Appellant’s points meet the wherein and why requirements of Rule 84.04(d). All of the points are only conclusions of claimed error by the trial court. Appellant fails to set forth what should have been the trial court’s conclusions of law on the point addressed and wherein the testimony or evidence gives rise to the ruling for which Appellant contends. Thummel, 570 S.W.2d at 685.
We find egregious violations of Rule 84.-04(c) and (d). Violations of the rules of appellate procedure are grounds for dismissal of an appeal. Jones v. Jones, 819 S.W.2d 773, 774 (Mo.App.1991). The argument portion of Appellant’s brief contains less than two pages of argument on each point. The serious deficiencies of the statement of facts and points relied on are unaided by this portion of Appellant’s brief. We have nothing before us even suitable for plain error review. Rule 84.13(c).
The appeal is dismissed.
FLANIGAN and PREWITT, JJ., concur.

. Rule references are to Missouri Rules of Court (1992).