**In re the Marriage of Sherry Lynn DOMBROWSKI and Gary Edward Dombrowski,**

**Sherry Lynn Dombrowski, Petitioner–Respondent,**

and

**Gary Edward Dombrowski, Defendant–Appellant.**

No. 18932.

Missouri Court of Appeals,
Southern District,
Division Two.

April 6, 1994.

Faye M. Coultas, Osage Beach, for petitioner-respondent.

Timothy R. Cisar, Kevin C. Shelton, Bridges, Cisar & Shelton, Lake Ozark, for defendant-appellant.

PREWITT, Judge.

■ Appellant appeals from the trial court's denial of his motion to set aside a decree entered by default dissolving the parties' marriage. Appellant presents two points relied on, the first contending that the trial court erred because appellant "was never validly served with personal service of process." He contends that the return of service, made by a deputy sheriff in Illinois, conflicted as to whether appellant was personally served.

The only mention in the statement of facts of appellant's brief regarding service upon appellant is: "A return of service was filed with the Court, said return alleging personal service upon Appellant on September 6, 1992, by the Sheriff's Office of DuPage County, Illinois." No reference was made in the statement of facts to any conflict in the return or other facts making it defective.

Rule 84.04(c) requires that in a civil action: "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Failing to include in the statement of facts, facts upon which an appellant's claim of error are based fails to preserve the contention for this court's review. *Phister v. Director of Revenue*, 823 S.W.2d 955, 956–957 (Mo.App.1992); *J.C. Jones and Co. v. Doughty*, 760 S.W.2d 150, 161 (Mo. App.1988). Point one is denied.

■ Appellant asserts in his second point that the trial court erred in overruling his motion to set aside the judgment "because said judgment was the result of fraud perpetrated on the court and appellant" by respondent falsely testifying "that there was no pending litigation which could affect custody of the parties' minor children when there was in fact such litigation pending."

Nowhere in appellant's brief is there a reference to any testimony by respondent "that there was no pending litigation". Instead, he refers to testimony by respondent on October 26, 1992, that she had not "participated in any other action, any other lawsuit having to do with their custody". Appellant refers to the legal file where it contains an attachment to the suggestions in support of his motion purporting to be a summons and return showing that he had brought an action against respondent in Illinois and that she was served on October 8, 1992.

■ We note initially that attachments to suggestions not otherwise authenticated ordinarily may not be properly considered here. See *Mallory v. Drake*, 616 S.W.2d 124, 128

**336**

(Mo.App.1981). Even if the action was pending in Illinois, and if respondent had been served, there is no indication in the record that the testimony was knowingly false. Merely being served could be interpreted by the witness as not being participation. "Participate" is to take part with others. *Kansas City v. Caresio,* 447 S.W.2d 535, 537 (Mo. banc 1969). See also *Poggemoeller v. Industrial Commission,* 371 S.W.2d 488, 505 (Mo. App.1963). Appellant has not established that there was any fraud perpetuated on the court. Point two is denied.

The judgment is affirmed.

CROW and GARRISON, JJ., concur.