Marvell **DELOCH** and Margo Hegwood, Appellants,

v.

Edye Lynn **HUGHES**, Respondent.

No. 66343.

Missouri Court of Appeals, Eastern District, Division Five.

March 21, 1995.

Rehearing Denied April 20, 1995.

James Edward Terry, St. Louis, for appellants.

James R. Dankenbring, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

Marvell Deloch and Margo Hegwood appeal from the trial court's judgment concerning Deloch's petition to partition real estate located in St. Louis and Hegwood's claim for the imposition of an equitable lien on the real estate.

Appeal dismissed.

On October 11, 1956, Marvell and Jessie Deloch were married. They had one child, Edye Hughes, born on January 18, 1959. They separated in December 1962, and Jessie maintained custody of Hughes. In 1984, Jessie purchased a home located at 2818 Abner Place in St. Louis.[1] She then permitted Deloch to occupy the property in exchange for his agreement to pay $200.00 per month in rent and the taxes and maintenance costs for the property. Deloch occupied the premises and upheld his agreement to make the requisite payments until Jessie's death.

Jessie died intestate on May 26, 1985, leaving Deloch and Hughes as her only surviving heirs. At the time of her death, Jessie resided in Cook County, Illinois, and she held fee simple title to the Abner property.

On May 28, 1985, Deloch executed under oath a disclaimer in Cook County, Illinois, in which he waived all interest in Jessie's estate in favor of Hughes. The disclaimer specifically included the Abner property and the proceeds from Jessie's life insurance policy and pension. In exchange for the disclaimer, Hughes agreed to permit Deloch to occupy the Abner property without paying rent. Deloch has not paid rent on the property since June 1985.

Jessie failed to designate a beneficiary to the proceeds of her insurance policy. Deloch advised Hughes to assign all of Jessie's insurance proceeds to him to expedite their distribution. He agreed to transfer the proceeds to Hughes upon receiving them. In November 1985, Deloch received $107,000.00 in proceeds from Jessie's insurance but only gave Hughes $1,000.00. Additionally, Deloch has received all of Jessie's federal pension checks since 1986. Also, in 1988 Hegwood began living with Deloch at the Abner property.

On August 21, 1991, Deloch filed in the Circuit Court of St. Louis a petition for partition of the Abner property. Hughes filed an answer and counterclaim. On February 13, 1992, Hegwood was joined as a plaintiff to the underlying action, and she filed a claim seeking the imposition of a $20,000.00 equitable lien on the Abner prop-

---

1. Hereafter, the property will be referred to as the "Abner property."

erty for alleged improvements she made on the property.

The case was tried without a jury on November 15, 1993. On December 14, 1993, the trial court entered its findings of fact, conclusions of law and order in which it: (1) ordered that Hegwood's equitable lien claim be denied; (2) declared that Deloch and Hughes were the owners of the Abner property as tenants in common; (3) ordered that the Abner property be partitioned, the proceeds be distributed equally to Deloch and Hughes and the parties be prohibited from purchasing the realty; and (4) awarded Hughes $20,400.00 in equitable relief. This appeal followed.

■■■ Appellants' statement of facts ignores the requirements of Rule 84.04(c), which provides that an appellant's brief must contain a "fair and concise statement of the facts relevant to the questions presented for determination without argument." The purpose of the statement of facts is to set forth an immediate, accurate, complete and unbiased understanding of the facts of the case. *In re Marriage of Lowe,* 860 S.W.2d 813, 815 (Mo.App.1993); *White v. White,* 846 S.W.2d 212, 213 (Mo.App.1993). If this court is to adjudicate an appeal without becoming an advocate for the appellant, the appellant must define the scope of the controversy by stating fairly and concisely the relevant facts. *White,* 846 S.W.2d at 213. A violation of Rule 84.04(c) constitutes grounds for dismissal of an appeal. *Id.*

■ Appellants' statement of facts fails to contain a fair and concise statement of the facts relevant to the issues presented in this case. Appellants state that the underlying action was a partition claim, and they identify the parties and describe the parcel of property in question. The fact statement, however, is devoid of any chronology of the events which led to the controversy between the parties or of a concise summarization of the procedural history of the case. Moreover, the statement is replete with conclusory arguments concerning the trial court's rulings on motions, findings of fact and conclusions of law. The statement of facts contains references to statutes and sets forth Supreme Court Rules verbatim. It quotes nine of the

trial court's findings and argues, without elucidation, that they are erroneous. The statement of facts should more appropriately be labeled argument. Appellants' statement of facts preserves nothing for appellate review. *See Pemiscot County Memorial Hosp. v. Mo. Labor and Industrial Relations Com'n,* 825 S.W.2d 61, 63 (Mo.App.1992).

■ Rule 84.04(d) requires that the points relied on must state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous. A point relied on must contain the following components: (1) a concise statement of the challenged ruling or action of the trial court; (2) the rule of law which the court should have applied; and (3) the evidentiary basis upon which the asserted rule is applicable. *Straeter Distributing v. Fry–Wagner Moving & Storage,* 862 S.W.2d 415, 417 (Mo.App.1993).

■ Appellants' points relied on are as follows:

I. The trial court erred in rendering a judgment in favor of respondent (appellant Edye Lynn Hughes) for the fair rental value of the premises absent evidence of any agreement between the parties after the death of the decedent, Jesse Deloch.

II. The trial court erred in failing to follow the provision of Chapter 528 of the Revised Statute of Missouri and Rule 96 of the Missouri Rules of Civil Procedure which the trial court specified as being applicable to a determination of this case.

III. The trial court considers Section 474.140 of the Revised Statutes of Missouri regarding the statutory rights of appellant Marvell Deloch as surviving spouse and improperly discusses the alleged misconduct of the appellant, and conclude that irrespective of all evidence of misconduct of the appellant Marvell Deloch ".... did not amount to a repudiation of all his marital obligations to Jesse. The court concludes that petitioner (Marvell Deloch) is not prohibited from receiving his spousal share of 2818 Abner Place." After making this conclusion then the court proceeds to

deny to the appellant petitioner Marvell Deloch his spousal rights as set forth in the aforesaid section contrary to law.

IV. The court finds that appellant Hegwood testimony and evidence ".... is not credible", and denies Hegwood any relief irrespective of the evidence of her contribution by way of oral testimony, canceled checks, contracts for work performed on the Abner property as shown by the exhibits 1–166 which have been admitted into evidence.

Only the first point even approaches compliance with the requirements of Rule 84.04(d). However, this point is refuted by the evidence. The single case cited as authority for this proposition does not support the point of law asserted. Moreover, an erroneous citation is given for that case. Indeed, the point of law set forth in the point relied on is contradicted by the argument portion of appellants' brief. The remaining points are mere abstract statements which preserve nothing for review. They failed to provide the rules of law that the court should have applied and the proper evidentiary basis to establish the applicability of such rules.

■ We further note that appellants failed to develop their points relied on in the argument section of their brief. Appellants' arguments are wholly conclusory; they set forth particular actions made by the court and general legal principles without linking them to specific testimony or evidence giving rise to rulings for which appellants contended. *See State v. Jones,* 786 S.W.2d 926, 926–28 (Mo.App.1990). Much of the argument addresses matters wholly unrelated to the points relied on. Not a single page reference to the transcript can be found in the argument, a violation of Rule 84.04(h).

Although we are reluctant to dispose of cases on procedural grounds, appellants' brief is inadequate to invoke the jurisdiction of this court and preserves nothing for review. To make matters worse, counsel for appellants failed to appear at oral argument without notice to this court or respondent's counsel and made no attempt to explain this default.

We have gratuitously examined the record on appeal and find the judgment of the trial court is supported by the evidence and does not erroneously declare or apply the law.

The appeal is dismissed for failure of appellants' brief to comply with the requirements of Rule 84.04(c), (d), (e) and (h).

GRIMM, C.J., and DOWD, J., concur.