**Harold J. KENT and Kim B. Nguyen, Plaintiffs/Respondents,**

v.

**CHARLIE CHICKEN, II, INC. and Michael A. Hutter and Eric J. Snyder, Defendants/Appellants.**

No. 70469.

Missouri Court of Appeals, Eastern District, Division Two.

May 12, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 8, 1998.

Application for Transfer Denied Aug. 25, 1998.

Eric J. Snyder, St. Louis, for appellants.

Steven M. Hamburg, Summers, Compton, Wells & Hamburg, St. Louis, for respondents.

Before CRANE, P.J., and RHODES RUSSELL and JAMES R. DOWD, JJ.

PER CURIAM. ·

Defendants, Charlie Chicken II, Inc., Michael Hutter, and Eric Snyder, appeal from the trial court's judgment in favor of plaintiffs, Harold Kent and his wife, Kim Nguyen, in a dispute arising out of defendant Hutter's sale of commercial real estate to plaintiffs. In their petition to obtain declaratory and injunctive relief, a statutory penalty for refusal to release a deed of trust, and quiet title, plaintiffs claimed that they had fully performed their obligations under an agreement to purchase real estate, a promissory note, and a deed of trust. Specifically, they sought a declaration that a $30,000 payment made to defendants prior to closing was part of the purchase price and that they had reasonably withheld $3,795.00 as a cure to repair the leaking roof when defendants failed to honor a roof warranty contained in the contract of sale.

The trial court made extensive findings of fact and entered judgment in plaintiffs' favor on Count I for declaratory judgment, declaring that the written agreements between the parties were in all respects valid and enforceable and that the plaintiffs had fully performed. By way of further relief, the court awarded plaintiffs judgment in the amount of $2,037.10, representing their deposit of $2,037.10 in excess of the amount that was then outstanding on the note and deed of trust into the registry of the court. The court also entered judgment for plaintiffs on Count III in the amount of 10% of the note ($13,000.00) and, after a hearing, awarded attorney's fees in the amount of $20,716.00. The court entered a supplemental judgment on Count IV quieting title in favor of plaintiffs. The court dismissed Count II without prejudice. The court also found against defendants on their counterclaim. Defendants appeal from these judgments. On appeal they have filed a 299 page legal file and a 712 page transcript. They also have filed a 93 page brief containing twenty-seven points of error and a 26 page reply brief, both in less than twelve point font. Because of multiple violations of Missouri Rules of Civil Procedure on defendants' part, we dismiss the appeal.

Defendants filed their original brief on October 28, 1997. Plaintiffs filed a motion to strike appellants' brief and to dismiss the appeal for deficiencies in the jurisdictional statement, the statement of facts, the points relied on, and the argument. On November 14, 1997 we sustained that motion and granted defendants 15 days to file a proper brief conforming to the rules. Defendants filed an amended brief on December 1, 1997 which was not substantially different from the one originally filed. On December 5, 1997 plaintiffs filed a second motion to strike the brief and to dismiss the appeal, which was taken with the case. On December 12, 1997 defendants filed a second amended brief. In their brief plaintiffs again requested that this brief be stricken and the appeal dismissed.

We sustain plaintiffs' motion to strike defendants' brief, and we dismiss the appeal. Defendants have failed to comply with Rule 84.04 after being given ample opportunity to do so. *See Biggs v. Loida*, 488 S.W.2d 932 (Mo.App.1972). *See also Jones v. Jones*, 819 S.W.2d 773 (Mo.App.1991). They also have failed to comply with Rules 81.18 and 81.12. These violations, as they pertain to each rule, are set out in the remainder of this opinion.

*Rule 84.04(c)–Statement of Facts*

■ Rule 84.04(c) requires that the statement of facts be a fair and concise statement of the facts relevant to the questions presented for determination without argument. A violation of Rule 84.04(c) constitutes grounds for dismissal of an appeal. *Deloch v. Hughes*, 896 S.W.2d 668, 670 (Mo.App.1995).

■ In this brief the statement of facts consists of three one-word headings, "Transaction", "Roof" and "Petition", each of which is followed by a numbered list of one-sentence statements followed by a reference to the transcript, legal file, or an exhibit. This is not a proper format for the statement of facts. *See Schneller v. GEICO*, 873 S.W.2d 679, 681 (Mo.App.1994).

■ The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case. *Deloch*, 896 S.W.2d at 670; *Thompson v. Thompson*, 786 S.W.2d 891, 892 (Mo.App.1990). The state-

ment of facts fails to do this. The numbered statements presume an understanding of the background and context of the case and of the parties. Standing alone they do not provide an immediate, accurate, complete and unbiased understanding of the facts of the case.

■ Further, facts relevant to the issues must be included. In the statement of facts many necessary facts relevant to the issues are omitted. To illustrate, as just one example, the first five points concern whether Eric Snyder is a proper party to the case. The only reference to Eric Snyder in the Statement of Facts is under the heading "Petition" and merely states that the petition alleged that Eric Snyder was identified in the deed of trust as trustee. There are no facts taken from the evidence from which a court could determine whether or not he was a proper party. While it is acceptable to add some factual detail to the argument section, particularly where it would be overlooked or out of context in the statement of facts, this is not that type of situation. Defendants' expansion of the facts in the argument portion of the brief is inadequate to cure the deficiency in his statement of facts. *See Thompson*, 786 S.W.2d at 892.

■ Failure to include, in the statement of facts, the facts upon which an appellant's claim of error is based fails to preserve the contention for appellate review. *In re Marriage of Dombrowski*, 873 S.W.2d 334, 335 (Mo.App.1994).

*Rule 84.04(d)–Points Relied On*

■ Rule 84.04(d) provides "[t]he points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...." Many of defendants' twenty-seven points relied on do not meet the requirement that points relied on be brief and concise. *See* Dewitt & Mitchell, 938 S.W.2d 305, 307 (Mo. App.1997). In particular these points do not follow the brief format set out in *Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978). Instead, plaintiffs begin each point with an abstract statement entitled "Point ___". Un-

der each of these statements are three separate paragraphs headed "Error", "Why" and "Wherein". This approach creates lengthy multi-sentence points, some over a page long, which do not clearly state the contention on appeal. *See Thummel,* 570 S.W.2d at 686.

In addition, the points should be addressed to actions of the trial court which an appellant claims are erroneous. Seven of defendants' twenty-seven points address the trial court's dismissal of Count II, which action was favorable to defendants and which they do not claim was erroneous.

*Rule 84.04(e)–Argument*

■ The text of the argument under each point is written in a manner which does not sufficiently advise the court of the contentions asserted or the merit thereof. The argument under each point consists of separately numbered paragraphs consisting of one or more sentences. Each paragraph sets out one or more separate propositions and no attempt is made to relate the matter from one paragraph to another into a cohesive argument.[1] An argument should show how the principles of law and the facts of the case interact. *State v. Jones,* 786 S.W.2d 926, 928 (Mo.App.1990); *Deloch,* 896 S.W.2d at 671.

■ Many of the numbered paragraphs state conclusory propositions without linking them to specific testimony or evidence and without citing appropriate legal authority or explaining the reasons for the proposition. Some arguments have no legal authority at all.[2] Failure to cite relevant authority supporting the point or to explain the failure to do so preserves nothing for review. *State ex rel. Missouri Hwy. & Transp. Comm'n v. Jacob,* 887 S.W.2d 661, 662 (Mo.App.1994). Sometimes the rationale or authority appears in a different separately numbered paragraph under the same or a different point, but there is no language to assist the reader in connecting or finding those paragraphs. It is not our duty or responsibility to spend judicial time searching through the argument portions of briefs in an attempt to interpret

the thrust of counsel's contentions. *Draper v. Aronowitz,* 695 S.W.2d 923, 924 (Mo.App. 1985).

■ Furthermore, many factual statements in support of defendants' argument are supported with the citation "See the entire record." Rule 84.04(h) requires all statements of fact to have "specific page references to the legal file or the transcript." The record consists of over 700 pages of transcript and almost 300 pages of legal file. For this court to search through a 1000 page record to find support for defendants' factual statements would require an inordinate amount of judicial time and resources. *O'Dell v. State,* 835 S.W.2d 548, 551 (Mo.App. 1992). Such activity results in unfairness to parties with appeals pending who have observed the requirements of Rule 84.04. *Id.*

*Rule 81.12(a) and (b)*

■ The appeal is also dismissable on the ground that the record on appeal insufficiently complies with Rule 81.12(a) and (b) to allow review of the points asserted. Rule 81.12(a) provides that the record on appeal "shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented...." Under this rule an appellant must file a transcript and prepare a legal file so that the record contains all the evidence necessary for a determination of questions presented to the appellate court for a decision. *Environmental Quality v. Mercantile Trust,* 854 S.W.2d 500, 501 (Mo.App.1993).

Rule 81.12(a) further states that "[t]he legal file shall always include, in chronological order: the pleadings upon which the action was tried, the verdict, the findings of the court or jury, the judgment or order appealed from...." The purpose of the legal file is to give the appellate court exact copies of the relevant documentary record necessary to decide the issues on appeal and to facilitate the accessibility of these documents. The legal file in this case wholly fails to accom-

---

1. To illustrate we have reproduced one of the shortest arguments in the appendix.

2. For example, the argument under point twenty-three consists of one sentence and no legal authority; the argument under point twenty-four consists of twenty-six numbered statements without any citation of legal authority.

plish this. The 299 page legal file is not in chronological order. The index fails to clearly identify documents contained therein and hinders, rather than assists, the location of any particular document.

■ Rule 81.12(a) requires a copy of the judgment and order appealed from. The judgment in this case was entered on March 1, 1996 and was supplemented by subsequent orders. Nothing in the index directly lists the March 1, 1996 judgment as a judgment. The index contains instead this reference under the listing "Notice of Appeal":

2.10.3 Orders Issued As Of Time Of Notice Of Appeal:

2.10.3.1 3/1/96

2.10.3.2 3/20/96

At the page listed for the entry "3/1/96" are only the last two pages of the March 1, 1996 judgment. The introductory paragraph, the thirteen findings of fact, and seven of the eight conclusions of law which constitute the rest of the March 1, 1996 judgment are omitted. Failure to include the findings of fact and conclusions of law with the judgment violates Rule 81.12(a) and is cause for dismissal. *Lake Tishomingo Property Owners v. Klein,* 872 S.W.2d 569, 570–71 (Mo.App. 1994).[3]

This violation is further exacerbated by the fact that the same incomplete copy of the judgment was filed with the Notice of Appeal. Eastern District Special Rule 300 requires that a copy of the judgment be attached to the Civil Case Information Form which is to be filed with the Notice of Appeal. This means the complete judgment, including the findings of fact and conclusions of law where entered.

Rule 81.12(b) sets out what shall not be included in the legal file. In violation of this rule, the legal file contains many legal memoranda and other documents not material to the questions presented for determination, including multiple pages of trial tape logs, a filing list, discovery motions and the corresponding orders, and several documents relating to the satisfaction of judgment and the homestead exemption. Furthermore, many documents are repeated in the legal file in violation of the rule that they only be reproduced once. Inclusion of all of these unnecessary documents makes locating the relevant documents even more difficult.

*Rule 81.18*

■ Rule 81.18(a) requires that if, as here, proportionally spaced type is used, not less than a twelve point font shall be used. Defendants used a much smaller font than allowed, which makes the brief difficult to read. Further, use of the smaller font may have resulted in a circumvention of the page limitation rule. Defendants filed a ninety-three page brief which would probably not have met the one hundred page limitation set by Rule 84.04(i) had a twelve point font been used.[4] In addition, defendants filed a twenty-six page reply brief which would have substantially exceeded the twenty-five page limit had the proper font been used. We have specifically warned that violations of Rule 81.18 will be seriously considered as grounds for dismissal. *S.L.J. v. R.J.,* 778 S.W.2d 239, 242 (Mo.App.1989).

*Conclusion*

The numerous violations in defendants' brief, taken together, make the brief inadequate to invoke the jurisdiction of this court, and the brief preserves nothing for review. *See Deloch,* 896 S.W.2d at 671.

As stated in *Thummel v. King:*

through the record to find the necessary documents when their existence is obscured both by the sheer volume of extraneous material as well as the failure to properly identify and place them in the legal file. *See Hammons v. Hammons,* 741 S.W.2d 795, 796 (Mo.App.1987).

---

3. We have learned that a complete copy of the judgment on which this appeal is based is included in the legal file, but is indexed as "Plaintiff's Findings of Fact, Conclusions of Law and Proposed Order" and is not chronologically where the judgment should be. The fact that the court, in adopting the proposed findings, did not remove the words "plaintiffs" and "proposed" from the title of the document does not excuse defendants from clearly designating the judgment, especially where it was not in its proper chronological place. It is not our duty to search

4. Each page would have been approximately five lines longer had the minimum permitted font been used.

When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role. In addition to being inherently unfair to the other party to the appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals.

570 S.W.2d at 686. In addition to the brief, the state of the record on appeal likewise prevents review on the merits.

We dismiss the appeal for failure to comply with the requirements of Rules 81.18, 84.04, and 81.12.

## APPENDIX

Count IV: quiet title

**POINT SEVEN: COUNT IV, QUIET TITLE FAILS TO STATE A CAUSE OF ACTION REGARDING HUTTER**

**ERROR: the court erred in entering a judgment against Michael Hutter on count IV regarding quiet title.**

**WHY: there was no controversy between plaintiffs and Michael Hutter; count IV fails to state a cause of action; there is a complete lack of evidence**

**WHEREIN: The lien of the beneficiary, CCII, does not become a title interest until foreclosure and there was no foreclosure; there was no evidence that Hutter had nor claimed an interest in the real estate**

1. Michael Hutter had no interest in the real estate and none was claimed. See the entire record. The petition states no reason why he has a title interest in the real estate nor that he claims any interest in the real estate.

2. To state a cause of action, the petition must state ultimate facts and not conclu-

sions. *Miller vs. Ford Motor Co.*, 732 S.W.2d 564, paragraph 4 (MoApp 1987); S.C.R. 55.05. The Failure To State a cause of action means that the court has no jurisdiction and any judgment rendered thereon is void. *State ex rel. Robinson vs. Crouch*, 616 S.W.2d 587, paragraph 7 (MoApp 1981); *Jones Vs. Alf Bennett Lumber Co.*, [175 Mo. App. 26], 157 S.W. 864 (1913). There is a complete lack of evidence regarding this count and it is void. *Swallows Vs. Holden*, 723 S.W.2d 576 (MoApp S.D.1987).

3. Count IV fails to state a cause of action regarding Michael Hutter and he is not a proper defendant.