**Jane Daily SNYDER, Respondent,**

v.

**Eric J. SNYDER, Appellant.**

**No. ED 82346.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 22, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 10, 2004.

Application for Transfer Denied
Sept. 28, 2004.

Eric J. Snyder, St. Charles, MO, pro se.

Michael L. Schechter, Amanda B. McNelley, Clayton, MO, for respondent.

Before GARY M. GAERTNER, SR., P.J. and ROBERT G. DOWD, JR. and MARY R. RUSSELL, JJ.

PER CURIAM.

Eric J. Snyder (Husband) appeals from the trial court's judgment of dissolution of marriage to Jane D. Snyder (Wife). On appeal, Husband has filed a brief containing twenty-nine points of error. Because of Husband's numerous violations of Rule 84.04, we dismiss the appeal.

Husband filed an original pro se brief on January 15, 2004 containing thirty-four

points of error.[1] Wife filed a motion to strike Husband's brief and to dismiss that appeal for failing to comply with the Rule 84.04 briefing requirements. We sustained that motion and granted Husband time to file a proper brief conforming to the rules. Thereafter, Husband filed an amended brief that was not substantially different from the original brief. Husband's amended brief starts with Point 3 and ends with Point 34. However, Husband has no points 9, 19, 27, 29, 32, or 33 and following Point 11 are Points 11A, 11B, 11C, and 11D. Thus, Husband asserts twenty-nine points of error on appeal in his amended brief. Wife again filed a motion to strike Husband's brief and to dismiss the appeal and for damages for frivolous appeal. The motion was taken with the case.

■ Husband has substantially failed to comply with Rule 84.04 after being given ample opportunity to do so. Although courts of appeals attempt to address the merits of even defective briefs, the numerous violations of Rule 84.04 and *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978), makes Husband's brief undeserving of our review. We sustain Wife's motion to strike Husband's brief, and we dismiss the appeal. Failure to comply with the rules of appellate procedure constitutes grounds for dismissal. *Davis v. Coleman*, 93 S.W.3d 742, 742–43 (Mo.App. E.D.2002); *Kent v. Charlie Chicken II, Inc.*, 972 S.W.2d 513, 515 (Mo.App. E.D.1998).[2]

■ Rule 84.04(c) requires that the statement of facts be a fair and concise statement of the facts relevant to the questions presented for determination without argument. The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case. *Deloch v. Hughes*, 896 S.W.2d 668, 670 (Mo. App. E.D.1995).

In this brief, the statement of facts consists of a numbered list of one-sentence statements sometimes followed by a reference to the transcript, legal file, or an exhibit. Some of the statements are not complete sentences. This not a proper format for the statement of facts. *See Schneller v. GEICO*, 873 S.W.2d 679, 681 (Mo.App. S.D.1994) (statement of facts consisting of lettered paragraphs followed by statements and incomplete sentences does not comply with Rule 84.04(c)). Furthermore, the statement of facts as one-sentence statements fails to provide an immediate, accurate, complete and unbiased understanding of the facts of the case.

■ Husband's statements mostly consist of procedural events that occurred prior to the dissolution hearing, not relevant facts. The statement of facts fails to include facts relevant to the issues on appeal. For example, several of Husband's points address issues of the division of marital property and debt. However, there are no facts relevant to those issues presented in Husband's statements of fact. Failure to include, in the statement of facts, the facts upon which an appellant's claim of error is based fails to preserve the contention for appellate review. *Kent*, 972 S.W.2d at 515.

■ Rule 84.04(d) requires that the points relied on identify the trial court ruling or action that the appellant challenges, state concisely the legal reasons for

---

1. Husband is an attorney whose license was suspended indefinitely on February 12, 2001. *See In re Snyder*, 35 S.W.3d 380 (Mo. banc 2000).

2. We note Husband was one of the appellants and the appellate attorney in *Kent*. In *Kent*, this court dismissed the appeal for many of the same briefing violations presented here.

the appellant's claim of reversible error, and explain in a summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. Neither do many of Husband's twenty-nine points relied on meet the requirements for points relied set forth in Rule 84.04(d), and nor do Husband's points follow the format set forth in *Thummel*, 570 S.W.2d at 685. Instead, Husband begins each point with an abstract statement entitled "Point" with the number. Under each of the statements is a paragraph that fails to follow the form set forth in Rule 84.04(d).[3] For example, Point 4 entitled "Failure to provide the 10/19/99 exhibits" reads:

> The 6/4/02 trial is void for due process because a denial of a meaningful opportunity to be heard because the court order that the purported 10/19/99 hearing would constitute evidence at the trial, but failed to provide, as ordered by the court, the exhibits admitted into evidence at the purported 10/19/99 hearing because due process requires that appellant know what the evidence is and have an opportunity to meet the evidence in that appellant did not know what evidence had been admitted by the exhibits and therefore had no opportunity to be heard regarding such evidence.

Husband's points relied on fail to meet the requirements set forth in Rule 84.04(d).

■ The text of the argument under each point is written in a manner that does not sufficiently advise the court of the contentions asserted or the merit thereof. An argument should show how the principles of law and the facts of the case interact. *Kent*, 972 S.W.2d at 516. Husband's arguments are separate paragraphs consisting of incomplete sentences with no relation from one paragraph to the next to make a coherent argument. Many of Husband's arguments provided no explanation for the propositions set forth and have no legal authority cited to support those propositions. Failure to cite relevant authority supporting the point or to explain the failure to do so provides nothing for review. *Id.* Furthermore, it is not our duty or responsibility to spend judicial time searching through argument portions of briefs in an attempt to interpret the thrust of counsel's contentions. *Id.* In addition, many factual statements in support of Husband's argument are supported with the citation "Entire record." Rule 84.04(i) requires "[a]ll statements of fact and argument shall have specific page references to the legal file or the transcript."

Rule 84.04(e) provides that the argument shall also include "a concise statement of the applicable standard of review for each claim of error." Here, Husband has asserted in one sentence under each of his points that "the standard of review is de novo, legal issues" without any reference to authority for that proposition. Husband's argument section fails to substantially comply with the briefing requirements.

■ Because of its substantial failure to comply with Rule 84.04, Husband's brief is inadequate to invoke the jurisdiction of this court and preserves nothing for appeal. *Davis*, 93 S.W.3d at 743. Wife's motion to strike Husband's brief and dismiss the appeal for failure to comply with Rule 84.04 is therefore granted. Wife's motion for damages for frivolous appeal is denied.

---

3. Rule 84.04(d) provides:
   The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

In a separate motion taken with this case and in his jurisdictional statement in his brief, Husband contends this court does not have jurisdiction. This is an unusual position for an appellant as dismissal of the appeal is the remedy when this court lacks jurisdiction. However, because we have already determined the appeal is dismissed for failure to comply with Rule 84.04, we need not address Husband's confused jurisdictional arguments and the motion is denied. Furthermore, Husband's motions to declare the case void and to declare the October 19, 1999 hearing void, motion requesting leave to file a deposition, and application for certiorari to correct the record, all taken with the case, are also denied as moot.

Appeal dismissed.