**Michael G. BECK and John F. Beck, Appellants,**

v.

**David MOORE, Respondent.**

**No. ED 87313.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 27, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 9, 2006.

Application for Transfer Denied
Sept. 26, 2006.

Michael Gerard Beck, Brentwood, MO, for appellant.

Scott C. Harper, Clayton, MO, for respondent.

BOOKER T. SHAW, Judge.

Michael G. Beck and John F. Beck ("Becks") appeal from the trial court's judgment in favor of David Moore ("Moore"). The Becks sued Moore for property damage relating to a fire in an apartment complex that Moore was occupying.[1] After a bench trial, the trial court entered judgment in favor of Moore. This appeal followed. We dismiss the appeal because the Becks' brief fails to comply with Rule 84.04.

The procedural history in this case is onerous and due to our disposition of this appeal, it is not necessary to restate all of the procedural facts herein. Briefly, the relevant procedural facts are as follows: The Becks filed suit against Moore for property damages sustained in an apartment fire. The case was tried on the record and submitted before Judge Ellen Siwak, an associate circuit judge, on May 31, 2005. On July 13, 2005 Judge Siwak entered a judgment in favor of Moore and against the Becks. Judge Siwak did not enter a judgment in the case within thirty days as provided by Section 517.111.2, RSMo 2000. Due to various motions filed by the Becks and Moore, Judge Carolyn Whittington entered an order setting aside the judgment and reassigned the case to Judge Siwak. Judge Siwak then granted the Becks' request for change of judge and a jury trial. The case was then assigned to Judge Patrick Clifford. Judge Clifford, "having taking judicial notice of the file," entered a judgment in favor of Moore and against the Becks.

In their sole point on appeal, the Becks state the following:

Hon. Patrick Clifford erred in entering judgment without trial as all prior trial proceedings were void for failure of J. Siwak to rule within 30 days of submission and J. Clifford did not hear testimony nor give appellants right to proffer testimony and cross-examine witnesses and as such, the judgment was not supported by substantial evidence for the reason that no evidence was adduced.

The Becks' argument to support this point on appeal states as follows:

Here, J. Clifford rendered judgment without introduction of any evidence and without stipulation by the parties. Accordingly, the "judgment" is not supported by substantial, competent evidence. It is the position of the Plaintiffs that this Court need look no farther [sic] than this to determine that J. Clifford erred.

The Becks' brief fails to comply with Rule 84.04. First, the brief fails to cite or discuss any legal authorities in the argument portion of the brief to support the point relied on. "An appellant must cite authority in support of his points relied on if the point is one for which precedent is appropriate and available." *See Luft v. Schoenhoff,* 935 S.W.2d 685, 687 (Mo.App. E.D.1996) (quoting *Thummel v. King,* 570 S.W.2d 679, 687 (Mo. banc 1978)). If a party fails to support a contention with relevant authority or argument beyond conclusions, the point is considered abandoned and there is nothing for this Court to review. *Id.* at 687; *see Horwitz v. Horwitz,* 16 S.W.3d 599, 604–605 (Mo.App. E.D.2000) ("To be properly briefed, an appellant must develop the contention raised in the point relied on in the

1. It is unclear from the record before us the connection between Becks, Moore and the apartment complex.

argument section of the brief."). In addition, the brief fails to articulate and develop the argument presented. *See Snyder v. Snyder*, 142 S.W.3d 780, 783 (Mo.App. E.D.2004) (finding that an argument that fails to show how the principles of law and the facts of the case interact preserves nothing for our review).

The Becks brief fails to conform to the requirements of Rule 84.04, and their brief contains no argument supported by legal authority, in violation of Rule 84.13(a).[2] Thus, the Becks' brief preserves nothing for appellate review, leaving this Court without jurisdiction. *See Snyder*, 142 S.W.3d at 783. Therefore, this appeal is dismissed.

KATHIANNE KNAUP CRANE, P.J., and LAWRENCE E. MOONEY J., concur.

---

2. Rule 84.13(a) states in relevant part "... allegations of error not briefed or not properly briefed shall not be considered in any civil appeal...."